J-A06026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYLE LEE WILSON | : | |
| | : | |
| Appellant | : | No. 491 MDA 2018 |

Appeal from the Judgment of Sentence January 23, 2018
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000795-2017

BEFORE: OTT, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED JUNE 21, 2019**

Appellant Kyle Lee Wilson appeals from the judgment of sentence imposed after he pled guilty to corruption of minors and unlawful contact with a minor, and *nolo contendere* to indecent assault.[1] Appellant claims that the twenty-five-year registration requirement under the Sex Offender Registration and Notification Act (SORNA)[2] constitutes an illegal sentence.[3] We conclude

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6301(a)(1)(ii) (third-degree felony); 6318(a)(1) (third-degree felony); and 3126(a)(1) (second-degree misdemeanor).

[2] 42 Pa.C.S. §§ 9799.10-9799.41 (subsequently amended Feb. 21, 2018).

[3] In **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), our Supreme Court held that the registration requirements of the former version of SORNA were punitive. **See also Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017) (stating that SORNA's registration requirements are to be considered part of a defendant's sentence), *appeal granted*, 190 A.3d 581 (Pa. 2018).

that this Court's recent decision in **Commonwealth v. Martin**, 205 A.3d 1247 (Pa. Super. 2019), addresses all of Appellant's arguments and affirm.

The relevant facts giving rise to this appeal are well known to the parties, and we need not restate them here. Briefly, we note that on October 17, 2017, Appellant entered his plea based on criminal conduct that occurred between February 3, 2017 and February 5, 2017. On January 23, 2018, the trial court sentenced Appellant to an aggregate term of three and a half to seven years' incarceration. Appellant was also designated a Tier II offender under SORNA for unlawful contact with a minor and was ordered to report and register for twenty-five years.

On February 1, 2018, Appellant filed a timely motion to modify his sentence challenging his SORNA registration requirement. On February 22, 2018, the trial court denied Appellant's motion. Appellant filed a timely notice of appeal on March 22, 2018. Both Appellant and the trial court subsequently complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our review:

1. Is [Appellant's] sentence of twenty-five (25) years of punishment pursuant to SORNA illegal as SORNA is not a sentencing alternative authorized by Section 9721 of the Judicial Code and the trial court therefore lacked authority to impose such sentence?

2. Is [Appellant's] sentence of twenty-five (25) years of punishment pursuant to SORNA illegal as the statutory maximum for a felony of the third degree as codified at Section 1103(2) of the Crimes Code is seven (7) years?

3. Is [Appellant's] sentence of twenty-five (25) years of punishment pursuant to SORNA a violation of both the

Sixth and Fourteenth Amendments to the United States Constitution as the penalty imposed was increased beyond the prescribed statutory maximum based upon the General Assembly's factual determination that [Appellant] "pose[s] a high risk of committing additional sexual offenses," 42 Pa.C.S. § 9799.11(a)(4), a fact that was not submitted to the jury nor proven beyond a reasonable doubt as required by *Apprendi v. New Jersey*, 530 U.S. 466 (2000)?

Appellant's Brief at 6.

In *Martin*, this Court recently concluded that a fifteen-year SORNA registration requirement did not constitute an illegal sentence. *Martin*, 205 A.3d at 1252. Relying on our prior decisions in *Commonwealth v. Strafford*, 194 A.3d 168 (Pa. Super. 2018),[4] and *Commonwealth v. Bricker*, 198 A.3d 371 (Pa. Super. 2018), we explained that SORNA's registration requirements are not governed by the statutory maximum sentences set forth in Chapter 11 of the Crimes Code. *Martin*, 205 A.3d at 1250. Furthermore, we held that

_____

[4] Although Appellant asserts that this Court's holding in *Strafford* was incorrectly decided, we are bound by existing precedent until such time it is overturned. *See Commonwealth v. Reed*, 107 A.3d 137, 143 (Pa. Super. 2014).

Further, we note the Chester County Court of Common Pleas has held that SORNA was unconstitutional. On July 13, 2018, the Commonwealth filed an appeal with the Pennsylvania Supreme Court challenging the Chester County trial court's decision. *See Commonwealth v. Torsilieri*, 37 MAP 2018 (Pa. 2018). On September 10, 2018, our Supreme Court noted probable jurisdiction, and the parties are currently briefing the matter. Because the Supreme Court has yet to issue a decision in *Torsilieri*, and because we are not bound by decisions from the Court of Common Pleas, we remain obligated to follow the existing, controlling case law. *See Keller v. Mey*, 67 A.3d 1, 5 n.6 (Pa. Super. 2013) (stating that the "Superior Court is not bound by decisions of the Court of Common Pleas and is free to reach contrary holdings" (citation omitted)); *see also Reed*, 107 A.3d at 143.

SORNA independently authorized the registration of sexual offenders, even though 42 Pa.C.S. § 9721 does not include registration as a sentencing alternative. *Id.* at 1251.

The *Martin* Court also addressed an argument that the tier-based registration periods violated *Apprendi*. The Court reasoned that a conviction of a sexual offense determined the applicable registration period. *Martin*, 205 A.3d at 1252. Therefore, the imposition of a registration period did not require additional factual findings by a trial court. *Id.*; *see Commonwealth v. Golson*, 189 A.3d 994, 1003 (Pa. Super. 2018) (directing "trial courts to apply only the applicable tier-based registration period, as those periods apply based on the conviction itself, and not due to any additional fact not found, under SORNA's procedures, by the fact-finder"). Accordingly, even if the imposition of a registration period increased the range of punishment faced by a defendant, SORNA's procedures did not violate *Apprendi*. *Martin*, 205 A.3d at 1252.

Here, the trial court classified Appellant as a Tier II offender based on his conviction for unlawful contact with a minor. Pursuant to *Martin*, the court was authorized to impose a twenty-five year registration requirement as part of Appellant's sentence. *See Martin*, 205 A.3d at 1251. In so doing, the court was not limited by the statutory maximum established for the underlying offense. *See id.* Lastly, Appellant's registration requirement was properly based on his underlying conviction and not an additional fact not found by a fact-finder. *See id.* at 1252; *Golson*, 189 A.3d at 1003.

Commonwealth's Application for Post-Submission Communication granted. Judgment of sentence affirmed.

Judge Ott joins in the memorandum.

Judge Pellegrini files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/21/2019