J-S04038-19

2019 PA Super 69

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JALANI DUPREE MARTIN :
:
Appellant : No. 1150 MDA 2018

Appeal from the Judgment of Sentence Entered May 29, 2018
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0004116-2017

BEFORE: SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.: **FILED MARCH 07, 2019**

Appellant Jalani Dupree Martin appeals from the judgment of sentence entered in the Court of Common Pleas of Cumberland County on May 29, 2018, after he pled guilty to one count of indecent assault without consent, graded as a second-degree misdemeanor.[1] Appellant claims that his fifteen-year registration requirement under the Sex Offender Registration and Notification Act (SORNA)[2] is illegal. Appellant argues the trial court could not order registration in excess of the maximum possible incarceration period of

_____

[1] 18 Pa.C.S.A. § 3126(a)(1). Appellant also had been charged with aggravated indecent assault without consent, pursuant to 18 Pa.C.S.A. § 3125(a)(1); aggravated indecent assault where complainant is unconscious or unaware that penetration is occurring, pursuant to 18 Pa.C.S.A.§ 3125(a)(4); and indecent assault where the person is unconscious, pursuant to 18 Pa.C.S.A.§ 3126(a)(4). The Affidavit of Probable Cause indicates the offenses occurred on June 13, 2017.
[2] 42 Pa.C.S.A. § 9799.10 *et seq*.

_____

\* Former Justice specially assigned to the Superior Court.

two years for a misdemeanor of the second degree as codified at 18 Pa.C.S.A. § 1104(2). As this Court recently has rejected that legal theory, we affirm.[3]

Because our disposition concerns questions of law, a lengthy recitation of the factual history is not necessary to our disposition. Following his guilty plea, Appellant was sentenced to thirty (30) days to six (6) months in prison and received 161 days credit for time served. Appellant also received a consecutive term of eighteen (18) months of supervised probation and was ordered to comply with SORNA's reporting and registration requirements.

On June 1, 2018, Appellant filed a timely Motion to Modify Sentence wherein he argued his sex offender designation and the resulting reporting and registration requirements pursuant to SORNA are unconstitutional punishments under the Pennsylvania Supreme Court's decision in *Commonwealth v. Muniz*, 640 Pa. 699, 164 A.3d 1189 (2017). The

---

[3] Relying on two other decisions of the Court of Common Pleas of Cumberland County, CP-21-CR-3113-2016 and CP-21-CR339-2017, trial court found no merit to Appellant's claims. The court stressed that the holding in *Commonwealth v. Muniz*, 640 Pa. 699, 164 A.3d 1189 (2017) is irrelevant herein as Appellant's offense was committed after the most recent enactment of SORNA and reasoned that the reporting requirements were more akin to probation than to incarceration; thus, double jeopardy concerns were not implicated. Trial Court Opinion, 9/6/18, at 3-4. "[A]n appellate court is not bound by the rationale of the trial court and may affirm on any basis if the record supports it." *Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa.Super. 2018).

Commonwealth filed its Answer on July 2, 2018, and in its Order entered on July 5, 2018, the trial court denied the Motion.

On July 13, 2018, Appellant filed a timely notice of appeal. On July 16, 2018, the trial court ordered Appellant to file a concise statement of errors complained of on appeal, and Appellant complied on July 26, 2018, wherein he raised seven (7) issues. In his appellate brief, Appellant presents the following Statement of the Questions Involved:

> I.     Is [Appellant's] sentence of fifteen (15) years of punishment pursuant to SORNA illegal since SORNA is not a sentencing alternative authorized by Section 9721 of the Judicial Code[4] and the trial court therefore lacked authority to impose such a sentence?

_____

[4] Pertaining to sentencing, this statute reads, in relevant part, as follows:

**§ 9721. Sentencing generally**

**(a)  General rule.--**In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

(1) An order of probation.
(2) A determination of guilt without further penalty.
(3) Partial confinement.
(4) Total confinement.
(5) A fine.
(6) County intermediate punishment.
(7) State intermediate punishment.

42 Pa.C.S.A. § 9721(a).

II.    Is [Appellant's] sentence of fifteen (15) years of punishment pursuant to SORNA illegal since the statutory maximum for a misdemeanor of the second degree as codified in Section 1104 of the Criminal Code[5] is two (2) years?

III.    Is [Appellant's] sentence of fifteen (15) years of punishment pursuant to SORNA a violation of both the Sixth and Fourteenth Amendments to the United States Constitution as the penalty imposed was increased beyond the prescribed statutory maximum based upon the General Assembly's factual determination that [Appellant] "pose[s] a high risk of committing additional sexual offenses," 42 Pa.C.S. § 9799.11(a)(4), a fact that was not submitted to the jury nor proven beyond a reasonable doubt as required by Apprendi v. New Jersey, 530 U.S. 466 (2000)?[6]

_____

[5] Found at 18 Pa.C.S.A. § 1104, this statute reads as follows:

**§ 1104. Sentence of imprisonment for misdemeanors**

A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than:

    (1) Five years in the case of a misdemeanor of the first degree.
    (2) Two years in the case of a misdemeanor of the second degree.
    (3) One year in the case of a misdemeanor of the third degree.

[6] In **Commonwealth v. Butler**, 173 A.3d 1212, 1216–17 (Pa.Super. 2017), *reargument denied* (Jan. 3, 2018), *appeal granted*, 190 A.3d 581 (Pa. 2018), this Court recently reiterated:

In **Apprendi** [**v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ], the Supreme Court of the United States held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. Stated another way, it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal

Brief for Appellant at 6. As these issues are interrelated, we will consider them together and in doing so are mindful that they present pure questions of law; therefore, this Court's standard of review is *de novo* and our scope of review is plenary. ***Muniz***, 640 Pa. at 709, 164 A.3d at 1195.

Appellant reasons that no mention of SORNA as a sentencing option is made in 42 Pa.C.S.A. § 9721, and the mandatory nature of the statute coupled with its inclusion of an exception as subsection a.1 which does not reference SORNA "indicates that the alternatives listed, in conjunction with the exception, are exhaustive." Brief for Appellant at 10-11. Appellant posits that Appellant was sentenced to a term of fifteen (15) years of registration and reporting pursuant to SORNA making his maximum sentence exceed the maximum sentence of two (2) years for a misdemeanor of the second degree set for the in 18 Pa.C.S.A. § 1104(2). ***Id***. at 12, 16.

Appellant contends this Court's conclusion in ***Commonwealth v. Strafford***, 194 A.3d 168 (Pa.Super. 2018) that SORNA's registration provisions are not constrained by Section 1103 but rather constitute an authorized punitive measure separate and apart from an appellant's term of incarceration was in error. ***Id***. at 12-14. Appellant concludes that his sentence violates both the Sixth and Fourteenth Amendments to the United States Constitution pursuant to ***Apprendi*** because that sentence was imposed

---

defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.

as a result of the General Assembly's factual determination that Appellant poses a high risk of committing additional sexual offenses." *Id*. at 16-17.

In setting forth his arguments, Appellant fails to cite this Court's recent decision in *Commonwealth v. Bricker*, 198 A.3d 371 (Pa.Super. 2018) wherein we reiterated our prior holding in *Strafford* that a sentencing requirement for a defendant to register as a sexual offender for a period of time exceeding the lawful statutory maximum for his offense is not illegal. As this analysis is dispositive herein, we quote it in detail below:

> With regard to Appellant's assertion that *Muniz* held SORNA's registration requirements constituted punishment, and, therefore, Subsection H cannot be imposed upon him as [it] exceeds the lawful statutory maximum for his offense which is seven (7) years, we observe that this Court recently held that SORNA's registration requirements are not governed by the statutory maximum sentences set forth in Chapter 11 of the Crimes Code. *See Commonwealth v. Strafford*, 194 A.3d 168, 172-73, 2018 WL 3717081 at *3 (Pa.Super. filed Aug. 6, 2018). Observing this issue appeared to be one of first impression post-*Muniz*, we reasoned as follows:
>
> > Appellant correctly observes that the *Muniz* Court found that the registration requirement mandated by SORNA is punitive. *See Muniz*, *supra* at 1218,[.] We, thus, begin our analysis of Appellant's challenge with a review of various statutes and legal principles relating to punishments.
> >
> > Our Supreme Court has explained the well-settled principle that the General Assembly "has the exclusive power to pronounce which acts are crimes, to define crimes, and to fix the punishment for all crimes. The legislature also has the sole power to classify crimes[.]" *Commonwealth v. Eisenberg*, 626 Pa. 512, 98 A.3d 1268, 1283 (2014) (citation and quotation omitted).
> >
> > Our General Assembly has authorized courts to impose specific punishments when fashioning a sentence, and specified maximum terms and amounts of

those punishments. These categories of punishment include (1) partial or total confinement, (2) probation, (3) state or county intermediate punishment, (4) a determination of guilt without further penalty, and (5) a fine. 42 Pa.C.S. § 9721.

With respect to the punishment of incarceration, 18 Pa.C.S. § 1103 governs the maximum authorized sentence of imprisonment for felony convictions. By a separate statute, these maximum allowable terms also apply to probationary sentences, a different category of punishment authorized by the General Assembly. In 42 Pa.C.S. § 9754(a), the legislature directed that "[i]n imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, **which term may not exceed the maximum term for which the defendant could be confined**, and the authority that shall conduct the supervision." ***Id.*** (emphasis added). Thus, the legislature explicitly connected the authorized punishments of incarceration and probation by statute.

However, most sentencing alternatives are not tied to the maximum authorized term of incarceration. For example, the legislature has authorized courts to include in sentences the requirement that a defendant pay a fine or restitution. These categories of punishment are not limited by the maximum period of incarceration; rather, the legislature set different maximum authorized amounts of punishment a court may impose as part of its sentence. ***See***, ***e.g.***, 18 Pa.C.S. § 1101 (defining maximum fines); 18 Pa.C.S. § 1106 (providing statutory scheme for restitution for injuries to person or property).

In SORNA the legislature authorized courts to include periods of registration as part of a sentence. Similar to the treatment of the payment of fines or restitution, the legislature did not tie the period of registration to the length of incarceration. ***See*** 42 Pa.C.S. § 9799.14 ("Sexual offenses and tier system"); 42 Pa.C.S. § 9799.15 ("Period of registration"). SORNA's registration provisions are not constrained by Section 1103. Rather, SORNA's registration requirements are an authorized punitive measure separate and apart from Appellant's term of incarceration. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of

> incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration.
>
>       *Id.* at \*2-3 (emphasis in original).

***Commonwealth v. Bricker***, 198 A.3d 371, 376-77 (Pa.Super. 2018). In ***Bricker***, this Court ultimately concluded the appellant's twenty-five year registration requirement authorized by Subchapter H of the recent amendments to SORNA, which was enacted on February 21, 2018, and applies where one's offense occurred on or after December 20, 2012, did not constitute an illegal sentence.

It is axiomatic that "[t]his Court is bound by existing precedent under the doctrine of stare decisis and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court." ***Commonwealth v. Reed***, 107 A.3d 137, 143 (Pa.Super. 2014). Based on our decisions in ***Strafford*** and ***Bricker***, we conclude that Appellant's fifteen-year registration requirement authorized by SORNA does not constitute an illegal sentence; therefore, Appellant's arguments on appeal fail.

With regard to Appellant's constitutional challenge under ***Apprendi***, to which he devotes three paragraphs of argument in his appellate brief, we note that the facts of the instant matter are distinguishable from those presented therein. Unlike the defendant in ***Apprendi***, Appellant pled guilty to a single count of Indecent Assault and was advised of the resulting registration and reporting requirements under SORNA. The trial court at no time made a

factual finding that increased Appellant's sentence which was the result of his guilty plea to the qualifying crime. As such, this claim also lacks merit.

Judgment of Sentence Affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/07/2019