J-A06026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KYLE LEE WILSON | : | |
| | : | |
| Appellant | : | No. 491 MDA 2018 |

Appeal from the Judgment of Sentence January 23, 2018
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000795-2017

BEFORE:  OTT, J., NICHOLS, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY PELLEGRINI, J.:     **FILED JUNE 21, 2019**

While there is no doubt that that Kyle Lee Wilson (Wilson) must comply

with the Sex Offender Registration and Notification Act (SORNA), I would hold

that the trial court had no jurisdiction to impose, as part of the sentence,

SORNA registration because those requirements are imposed independently

as a collateral consequence of his conviction of one of the enumerated crimes.

Accordingly, I respectfully dissent.

On October 17, 2017, Wilson pled guilty to criminal conduct that

occurred between February 3, 2017, and February 5, 2017.  On January 23,

2018, the trial court sentenced Wilson to an aggregate term of three-and-a-

half to seven years' incarceration.  Among other things, the trial court stated

---

[*] Retired Senior Judge assigned to the Superior Court.

that Wilson is "ordered to comply with the twenty-five year registration requirements, and to obtain a Sexual Offender Evaluation, and to comply with any and all treatment recommendations." Trial Court Opinion. Wilson then appealed the sentence claiming that the trial court had no authority to impose SORNA registration making that portion of the trial court sentencing order illegal and that he did not have to register.

The majority properly relies on our recent decision in **Commonwealth v. Martin**, 205 A.3d 1247 (Pa. Super. 2019),[1] that the trial court's imposition of the SORNA registration requirement was not an illegal sentence. In **Martin**, we held that even though 42 Pa.C.S. § 9721 does not include registration as a sentencing alternative, SORNA independently authorized the registration of sexual offenders. In arriving at that conclusion in **Martin**, we relied on our decision in **Commonwealth v. Strafford**, 194 A.3d 168, 172-73 (Pa. Super.

_____

[1] **Martin**, as well as numerous other cases challenging SORNA, were the result of our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). In that case, our Supreme Court held that the registration requirements of the former version of SORNA were punitive for purposes of the constitutional analysis of whether retroactive application of increasing SORNA registration requirements. However, **Muniz** does not hold that SORNA is unconstitutional or invalidate its registration requirements. It holds only that SORNA violates the ex post facto clause of the Pennsylvania Constitution because when new harsher provisions are applied retroactively, they are punitive. **See Commonwealth v. Hart**, 174 A.3d 660, 667 n.9 (Pa. Super. 2017). Also, when SORNA was reenacted, the General Assembly specifically stated that it shall not be construed as punitive. **See** 42 Pa.C.S. § 9799.11(b).

2018), where, recognizing that SORNA registration requirements were not authorized as a sentencing option, we went on to say:

> However, most sentencing alternatives are not tied to the maximum authorized term of incarceration. For example, the legislature has authorized courts to include in sentences the requirement that a defendant pay a fine or restitution. These categories of punishment are not limited by the maximum period of incarceration; rather, the legislature set different maximum authorized amounts of punishment a court may impose as part of its sentence. See, e.g., 18 Pa.C.S. § 1101 (defining maximum fines); 18 Pa.C.S. § 1106 (providing statutory scheme for restitution for injuries to person or property).
>
> **In SORNA, the legislature authorized courts to include periods of registration as part of a sentence**. Similar to the treatment of the payment of fines or restitution, the legislature did not tie the period of registration to the length of incarceration. See 42 Pa.C.S. § 9799.14 ("Sexual offenses and tier system"); 42 Pa.C.S. § 9799.15 ("Period of registration"). SORNA's registration provisions are not constrained by Section 1103. Rather, SORNA's registration requirements are an authorized punitive measure separate and apart from Appellant's term of incarceration. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration. (Emphasis added.)

However, I disagree with **Martin** and **Strafford** because the General Assembly did not authorize courts to order SORNA registration requirements as part of the sentencing order. Let me explain.

It is well-settled that, "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." **Commonwealth v. Leverette**, 911 A.2d 998, 1001–02 (Pa. Super. 2006) (citations omitted). There is no dispute that

Section 9721(a) of the Sentencing Code, which lists the type of sentences that can be imposed, does not include any authorization to impose SORNA requirements.

Under SORNA, the sole obligation of the sentencing judge is to merely "inform" the offender of his or her obligation to register and its requirements. 42 Pa.C.S. § 9799.20. Moreover, the court's failure to do so is irrelevant: "Failure by the court to provide the information . . . to correctly inform . . . or to require a sexual offender to register shall not relieve the sexual offender from the requirements of this subchapter." 42 Pa.C.S. § 9799.23(b)(1). In fact, with limited exceptions, a court has "no authority to relieve a sexual offender from the duty to register . . . or to modify the requirements[.]" 42 Pa.C.S. § 9799.23(b)(2).

Contrary to the holdings in both **Martin** and **Stafford,** SORNA does not give the trial court any authority to impose SORNA obligations as part of the sentence but only provides that it is to inform the offender of his or obligation to register and his obligations under that Act. Even if the sentencing court does not carry that out obligation, the General Assembly stated that does not matter, informed or not informed, the offender is still required to register and comply with SORNA's provisions. All of this leads to the inescapable conclusion that under SORNA, the trial court cannot include that SORNA registration as part of sentencing because the General Assembly made clear that offenders convicted of the enumerated crimes have an independent

mandatory obligation to register under SORNA as a civil collateral consequence of his or her crime.[2]

Because SORNA requirements cannot be imposed as part of the sentence and are imposed independently as a collateral consequence of criminal conviction, the trial court had no sentencing authority to impose compliance with SORNA as part of its sentencing order. Accordingly, I dissent because I would vacate that portion of the sentencing order.[3]

_____

[2] The sentencing court has no role in the enforcement of SORNA registration and reporting requirements. To enforce its provisions, the General Assembly created an administrative scheme by imposing an obligation on the offender to register with the Pennsylvania State Police (PSP) and otherwise comply with its provisions. *See* 42 Pa.C.S. § 9799.55; 42 Pa.C.S.A. § 9799.56. Generally, the PSP is in charge of the overall administration, implementation and enforcement of SORNA. If an offender fails to register or otherwise provide the requisite notices (e.g., change of address), the PSP is authorized to bring charges for failure to do so. *See* 42 Pa.C.S. § 9799.56(d). An offender can challenge PSP's administration or the legality of SORNA requirements. The PSP has been given standing to appear and contest a filing in a court of this Commonwealth which seeks to challenge in any way the obligation of an individual required to register under SORNA. *See* 42 Pa.C.S. § 9799.74.

[3] Necessarily, I would reverse **Martin** and **Stafford** to the extent that the trial court can impose SORNA requirements as part of sentencing.