J-A06001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CARLOS MANUEL FIRPI :
:
Appellant : No. 215 MDA 2018

Appeal from the Judgment of Sentence October 10, 2017
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000339-2017

BEFORE:  OTT, J., NICHOLS, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY PELLEGRINI, J.:     **FILED JUNE 21, 2019**

While there is no doubt that Carlos Manuel Firpi (Firpi) must comply with the Sex Offender Registration and Notification Act (SORNA),[1] I would hold that the trial court had no jurisdiction to impose, as part of the sentence, SORNA registration because those requirements are imposed independently as a collateral consequence of his conviction of one of the enumerated crimes. Accordingly, I respectfully dissent.

On October 10, 2017, after Firpi had pled guilty to corruption of minors and statutory sexual assault,[2] the trial court sentenced Firpi to one year (less

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9799.10-9799.41 (subsequently amended Feb. 21, 2018).

[2] 18 Pa.C.S. §§ 6301(a)(1)(ii) (F3) and 3122.1(a)(2) (F2).

one day) to two years (less one day) of incarceration, followed by three years' probation. In its order, the trial court, among other things, also ordered that Firpi "comply with the 25-year SORNA registration requirement. He is further directed to obtain a sexual offender evaluation and comply with all treatment and recommendations." Trial Court Sentencing Order. Firpi then appealed the sentence claiming that the trial court had no authority to impose the SORNA registration, making that portion of the trial court sentencing order illegal and that he did not have to register.

The Majority properly relies on our recent decision in **Commonwealth v. Martin**, 205 A.3d 1247 (Pa. Super. 2019),[3] that the trial court's imposition of the SORNA registration requirement was not an illegal sentence. In **Martin**, we held that even though 42 Pa.C.S. § 9721 does not include registration as a sentencing alternative, SORNA independently authorized the registration of sexual offenders. In arriving at that conclusion in **Martin**, we relied on our

_____

[3] **Martin**, as well as numerous other cases challenging SORNA, were the result of our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). In that case, our Supreme Court held that the registration requirements of the former version of SORNA were punitive for purposes of the constitutional analysis of the retroactive application of increasing SORNA registration requirements. However, **Muniz** does not hold that SORNA is unconstitutional or invalidate its registration requirements. It holds only that SORNA violates the _ex post facto_ clause of the Pennsylvania Constitution because when its provisions are applied retroactively, they are punitive. **See Commonwealth v. Hart**, 174 A.3d 660, 667 n.9 (Pa. Super. 2017). Also, when SORNA was reenacted, the General Assembly specifically stated that it shall not be construed as punitive. **See** 42 Pa.C.S. § 9799.11(b).

decision in **Commonwealth v. Strafford**, 194 A.3d 168, 172-73 (Pa. Super. 2018), where, recognizing that SORNA registration requirements were not authorized as a sentencing option, we went on to say:

> However, most sentencing alternatives are not tied to the maximum authorized term of incarceration. For example, the legislature has authorized courts to include in sentences the requirement that a defendant pay a fine or restitution. These categories of punishment are not limited by the maximum period of incarceration; rather, the legislature set different maximum authorized amounts of punishment a court may impose as part of its sentence. See, e.g., 18 Pa.C.S. § 1101 (defining maximum fines); 18 Pa.C.S. § 1106 (providing statutory scheme for restitution for injuries to person or property).
>
> **In SORNA, the legislature authorized courts to include periods of registration as part of a sentence**. Similar to the treatment of the payment of fines or restitution, the legislature did not tie the period of registration to the length of incarceration. See 42 Pa.C.S. § 9799.14 ("Sexual offenses and tier system"); 42 Pa.C.S. § 9799.15 ("Period of registration"). SORNA's registration provisions are not constrained by Section 1103. Rather, SORNA's registration requirements are an authorized punitive measure separate and apart from Appellant's term of incarceration. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration. (Emphasis added.)

However, I disagree with **Martin** and **Strafford** because the General Assembly did not authorize courts to order SORNA registration requirements as part of the sentencing order. Let me explain.

It is well-settled that, "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." **Commonwealth v. Leverette**, 911 A.2d

998, 1001–02 (Pa. Super. 2006) (citations omitted). There is no dispute that Section 9721(a) of the Sentencing Code, which lists the type of sentences that can be imposed, does not include any authorization to impose SORNA requirements.

Under SORNA, the sole obligation of the sentencing judge is to merely "inform" the offender of his or her obligation to register and its requirements. 42 Pa.C.S. § 9799.20. Moreover, the court's failure to do so is irrelevant: "Failure by the court to provide the information . . . to correctly inform . . . or to require a sexual offender to register shall not relieve the sexual offender from the requirements of this subchapter." 42 Pa.C.S. § 9799.23(b)(1). In fact, with limited exceptions, a court has "no authority to relieve a sexual offender from the duty to register . . . or to modify the requirements[.]" 42 Pa.C.S. § 9799.23(b)(2).

Contrary to the holdings in both *Martin* and *Stafford,* SORNA does not give the trial court any authority to impose SORNA obligations as part of the sentence but only provides that it is to inform the offender of his or obligation to register and his obligations under that Act. Even if the sentencing court does not carry out that obligation, the General Assembly stated that does not matter, informed or not informed, the offender is still required to register and comply with SORNA's provisions. All of this leads to the inescapable conclusion that, under SORNA, the trial court cannot include that SORNA registration as part of sentencing because the General Assembly made clear

- 4 -

that offenders convicted of the enumerated crimes have an independent mandatory obligation to register under SORNA as a civil collateral consequence of his or her crime.[4]

Because SORNA requirements cannot be imposed as part of the sentence and are imposed independently as a collateral consequence of criminal conviction, the trial court had no sentencing authority to impose compliance with SORNA as part of its sentencing order. Accordingly, I dissent because I would vacate that portion of the sentencing order.[5]

_____

[4] The sentencing court has no role in the enforcement of SORNA registration and reporting requirements. To enforce its provisions, the General Assembly created an administrative scheme by imposing an obligation on the offender to register with the Pennsylvania State Police (PSP) and otherwise comply with its provisions. **See** 42 Pa.C.S. § 9799.55; 42 Pa.C.S.A. § 9799.56. Generally, the PSP is in charge of the overall administration, implementation and enforcement of SORNA. If an offender fails to register or otherwise provide the requisite notices (e.g., change of address), the PSP is authorized to bring charges for failure to do so. **See** 42 Pa.C.S. § 9799.56(d). An offender can challenge PSP's administration or the legality of SORNA requirements. The PSP has been given standing to appear and contest a filing in a court of this Commonwealth which seeks to challenge in any way the obligation of an individual required to register under SORNA. **See** 42 Pa.C.S. § 9799.74.

[5] Necessarily, I would reverse **Martin** and **Stafford** to the extent that the trial court can impose SORNA requirements as part of sentencing.