J-S22026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                     :            PENNSYLVANIA
                     :
        v.               :
                     :
                     :
CONNOR DAVID POWELL         :
                     :
        Appellant      :    No. 1722 MDA 2018

Appeal from the Judgment of Sentence Entered September 4, 2018
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0003140-2017

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY DUBOW, J.:         **FILED: JULY 25, 2019**

    Appellant, Connor David Powell, appeals from the Judgment of Sentence entered in the Cumberland County Court of Common Pleas, after he pleaded guilty to one count each of Firearms Not to be Carried Without a License, Simple Assault, and Attempted Indecent Assault.[1] Appellant claims that his 25-year registration requirement under the Sex Offender Registration and Notification Act ("SORNA")[2] is illegal, averring that the trial court could not order registration in excess of the maximum possible incarceration period of

_____

[1] 18 Pa.C.S. §§ 6106(a)(1); 2701(a)(1); and 3126(a)(2), respectively. The Commonwealth graded the Attempted Indecent Assault charge to which Appellant pleaded guilty as a first-degree misdemeanor.

[2] 42 Pa.C.S. § 9799.10 *et seq*.

_____

*   Retired Senior Judge assigned to the Superior Court.

five years.[3]   After careful review, we reject Appellant's claim and affirm his Judgment of Sentence.

A detailed recitation of the facts and procedural history is not necessary to our disposition.  In sum, following his guilty plea to the above charges, on September 4, 2018, the trial court sentenced Appellant to a term of six to 23 months' incarceration followed by 36 months' probation.  The court also notified Appellant orally and in writing of his 25-year reporting and registration requirement as a SORNA Tier II sexual offender.

On September 10, 2018, Appellant filed a Motion to Modify Sentence, seeking to vacate the portion of his sentence imposing the SORNA reporting and registration requirements.  Appellant argued that the reporting and registration requirements pursuant to SORNA are unconstitutional punishments under *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), and the Sixth and Fourteenth Amendments to the U.S. Constitution.  *See* Motion to Modify Sentence, 9/10/18, at 1, 4 (unpaginated).  Appellant also argued that this portion of his sentence is illegal because SORNA reporting and registration is not included in the list of sentencing alternatives offered to a sentencing court when determining a defendant's sentence, and the 25-year registration term exceeds the maximum permissible sentence for a defendant convicted of Attempted Indecent Assault, graded as a first-degree

_____

[3] *See* 18 Pa.C.S. § 1104(1) (providing for a maximum sentence of five years for a conviction for a misdemeanor of the first degree).

misdemeanor. *Id.* at 2-3 (unpaginated) (citing 42 Pa.C.S. § 9721; 18 Pa.C.S. § 1104(1)).

The Commonwealth filed a Response to Appellant's Motion to Modify Sentence on September 12, 2018. The trial court denied Appellant's Motion the next day.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P 1925.

Appellant raises the following three issues on appeal:

1. Is [Appellant's] Sentence of 25 years of punishment pursuant to SORNA illegal since SORNA is not a sentencing alternative authorized by Section 9721 of the Judicial Code, and the trial court therefore lacked authority to impose such a sentence?

2. Is [Appellant's] Sentence of 25 years of punishment pursuant to SORNA illegal since the statutory maximum for a misdemeanor of the first degree as codified in Section 1104 of the Criminal Code is five years?

3. Is [Appellant's] Sentence of 25 years of punishment pursuant to SORNA a violation of both the Six and Fourteenth Amendments to the United States Constitution as the penalty imposed was increased beyond the prescribed statutory maximum based upon the General Assembly's factual determination that Appellant "pose[s] a high risk of committing additional sexual offenses," 42 Pa.C.S. § 9799.11(a)(4), a fact that was not submitted to a jury nor proven beyond a reasonable doubt as required by *Apprendi v. New Jersey*, 530 U.S. 466 (2000)?

Appellant's Brief at 6 (some capitalization omitted).

As Appellant's issues are interrelated, we address them together. These issues present pure questions of law; therefore, this Court's standard of review is *de novo*, and our scope of review is plenary. *Muniz*, 164 A.3d at 1195.

In his first issue, Appellant claims that his sentence is illegal because the sentencing court lacked authority to impose the SORNA registration and reporting requirements because those requirements are not included as sentencing alternatives in the Sentencing Code, 42 Pa.C.S. § 9721. Appellant's Brief at 10-11. Next, Appellant claims that his sentence is illegal because it exceeds the statutory maximum sentence of five years for a first-degree misdemeanor. *Id.* at 12-14. Last, citing *Apprendi*, Appellant avers that his sentence is illegal because "the penalty imposed was increased beyond the statutory maximum based upon a fact that was not found by a jury beyond a reasonable doubt." Appellant's Brief at 15.

This Court recently addressed claims identical to those Appellant raised here, and found them meritless. With respect to Appellant's first two claims, in *Commonwealth v. Martin*, 205 A.3d 1247 (Pa. Super. 2019), this Court held that SORNA's reporting and registration requirements were not illegal because the period of registration under SORNA is separate and apart from Appellant's incarceration, and not constrained by Chapter 11 of the Crimes Code. *Martin*, 205 A.3d at 1250-52 (citing *Commonwealth v. Strafford*, 194 A.3d 168 (Pa. Super. 2018) (holding SORNA's registration requirements are not governed by the statutory maximum sentences set forth in Chapter 11 of the Crimes Code, and that a lifetime registration requirement authorized by SORNA does not constitute an illegal sentence); *Commonwealth v. Bricker*, 198 A.3d 371 (Pa. Super. 2018) (same)).

With respect to Appellant's final claim, the ***Martin*** Court was unpersuaded by that defendant's reliance on ***Apprendi***. It distinguished ***Apprendi***, noting that, unlike the defendant in ***Apprendi***, because Martin entered a guilty plea and the sentencing court advised Martin of the resulting registration and reporting requirements, the sentencing court in ***Martin*** did not make a factual finding that increased the defendant's sentence. ***Martin***, 205 A.3d at 1252.

***Martin*** is dispositive here and binding authority. We, thus, conclude that Appellant's 25-year registration period authorized by SORNA does not constitute an illegal sentence. Accordingly, Appellant is not entitled to relief.

Judgment of Sentence affirmed.

Judge Shogan joins the memorandum.

Judge Pellegrini concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2019