J-S41008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN MICHAEL WAGNER | : | |
| | : | |
| Appellant | : | No. 406 MDA 2019 |

Appeal from the Judgment of Sentence Entered February 13, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004090-2016

BEFORE:   LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY LAZARUS, J.:        **FILED: AUGUST 22, 2019**

Kevin Michael Wagner appeals from his judgment of sentence entered in the Court of Common Pleas of Berks County. After careful review, we affirm.

This matter arises from events occurring between April 1, 2011 and October 1, 2011, in which Wagner engaged in sexual conduct with a ten-year-old boy. On July 16, 2018, Wagner entered a negotiated guilty plea to corruption of minors[1] and indecent assault[2] and, on February 13, 2019, he was sentenced to a term of 11½ to 23 months' incarceration, followed by 8 years of probation. Wagner was also required to register with the

---

[1] 18 Pa.C.S.A. § 6301(a)(1).

[2] 18 Pa.C.S.A. § 3126(a).

---

*   Retired Senior Judge assigned to the Superior Court.

Pennsylvania State Police for a period of 10 years pursuant to the Sexual Offender Registration and Notification Act ("SORNA").[3] Wagner timely filed a notice of appeal and a court-ordered Rule 1925(b) concise statement of errors complained of on appeal.

Wagner raises the following question for our review:

> Whether the sentencing court erred as a matter of law and imposed an illegal sentence of ten years sex offender registration as the requirements of the Sex Offender Registration and Notification Act (SORNA II) are punitive and the registration period imposed by the sentencing court exceeds the five-year statutory maximum sentence for the registrable offense of Indecent Assault (M1)?

Brief of Appellant, at 6.

Wagner's claim challenges the legality of his sentence. **See Commonwealth v. Bradley**, 834 A.2d 1127 (Pa. 2003). A sentence is illegal where it exceeds statutory limits. **Id.** Wagner argues his sentence is illegal because it requires a period of sexual offender registration exceeding the statutory maximum sentence for the offense of which he was convicted. Brief of Appellant, at 11.

This Court has repeatedly held "a sentencing requirement for a defendant to register as a sexual offender for a period of time exceeding the lawful statutory maximum for his offense is not illegal." **Commonwealth v. Martin**, 205 A.3d 1247, 1250 (Pa. Super. 2019). **See also Commonwealth**

---

[3] 42 Pa.C.S.A. § 9799.55.

***v. Strafford***, 194 A.3d 168, 173 (Pa. Super. 2018); ***Commonwealth v.***

***Bricker***, 198 A.3d 371, 377 (Pa. Super. 2018). Rather,

> SORNA's registration requirements are an authorized punitive measure separate and apart from Appellant's term of incarceration. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration.

***Bricker***, 198 A.3d at 377, quoting ***Strafford***, 194 A.3d at 173. Accordingly,

Jackson's sentence is not illegal, and his claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2019