J-S54026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE E. COLON | : | |
| | : | |
| Appellant | : | No. 704 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 18, 2017
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0001413-2016

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:　　　　　**FILED: OCTOBER 15, 2019**

Jose E. Colon appeals from the judgment of sentence entered in the Court of Common Pleas of Cumberland County.  We affirm.

On January 23, 2017, Colon pled guilty to invasion of privacy, 18 Pa.C.S. § 7507.1(a)(1), (b), a misdemeanor of the third degree, in connection with the surreptitious video recording of a female in the bathroom of her residence. The Honorable M.L. Ebert, Jr., sentenced Colon to six to twelve months' imprisonment.  As a Tier I offender under Pennsylvania's Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. § 9799.10 *et seq*., Colon was subject to a 15-year period of registration.  ***Id.*** at 9799.15(a)(1).

Colon filed a timely motion to modify sentence, claiming the 15-year registration term was an unauthorized punishment under section 9721 of the Sentencing Code, exceeded the permissible sentence authorized for misdemeanors of the third degree under 18 Pa.C.S. § 1104(3), and violated

the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (fact that increases penalty for crime beyond prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt). The trial court, with agreement by counsel, stayed the SORNA aspect of Colon's sentence pending development of appellate case law on these issues.

On April 15, 2019, in light of *Commonwealth v. Martin*, 205 A.3d 1247 (Pa. Super. 2019), the court entered an order lifting the stay and denying Colon's motion to modify sentence.[1] Colon filed a timely notice of appeal on April 30, 2019.[2] He raises three issues for our review:

1. Is Colon's sentence of fifteen (15) years of punishment pursuant to SORNA illegal as SORNA is not a sentencing alternative authorized by [s]ection 9721 of the Judicial Code and the trial court therefore lacked authority to impose such sentence?

2. Is Colon's sentence of fifteen (15) years of punishment pursuant to SORNA illegal as the statutory maximum for a

---

[1] The court's order reads:

It is ordered: 1) the defendant's motion to modify sentence is denied, 2) the Commonwealth's Renewed Motion to Resume Defendant's SORNA Registration Requirements and Lift Stay is granted, 3) the stay issued on 09/28/17 is lifted, 4) Defendant's 15-year [registration] as a Tier I offender shall remain in full force, and 5) this order is entered with the understanding the defendant's counsel will be filing an appeal.

Order, 4/15/19.

[2] *See Commonwealth v. Chamberlain*, 658 A.2d 395 (Pa. Super. 1995) (order denying post-sentence motions acts to finalize judgment of sentence for purposes of appeal).

misdemeanor of the third degree as codified at [s]ection 1104(3) of the Crimes Code is one (1) year?

3. Is Colon's sentence of fifteen (15) years of punishment pursuant to SORNA a violation of the Sixth and Fourteenth Amendments to the United States Constitution as the penalty imposed was increased beyond the prescribed statutory maximum based upon the General Assembly's factual determination that Defendant "poses[s] a high risk of committing additional sexual offenses," 42 Pa.C.S. § 9799.11(a)(4), a fact that was not submitted to the jury nor proven beyond a reasonable doubt as required by **Apprendi v. New Jersey**, 530 U.S. 466 (2000)?

Appellant's Brief, at 5.

**Martin**, **supra**, controls this case. There, Martin pled guilty to one count of indecent assault, graded as a misdemeanor of the second degree, which carries a maximum term of imprisonment of two years. 18 Pa.C.S. § 1104(2). Martin argued that the imposition of a 15-year registration requirement was illegal because: (1) it is not an authorized punishment under section 9721 of the Sentencing Code;[3] (2) it exceeded the statutory maximum

---

[3] **§ 9721. Sentencing generally**

**(a)** **General rule.**—In determining the sentences to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may imposed them consecutively or concurrently:

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

sentence of imprisonment of two years, 18 Pa.C.S. § 1104(2); and (3) it violated the rule in **Apprendi**. This Court found Martin's claims meritless, concluding this Court's decisions in **Commonwealth v. Bricker**, 198 A.3d 371 (Pa. Super. 2018), and **Commonwealth v. Strafford**, 194 A.3d 168 (Pa. Super. 2018), were dispositive.

Quoting at length from **Strafford**, we stated:

Our General Assembly has authorized courts to impose specific punishments when fashioning a sentence, and specified maximum terms and amounts of those punishments. These categories of punishment include (1) partial or total confinement, (2) probation, (3) state or county intermediate punishment, (4) a determination of guilt without further penalty, and (5) a fine. 42 Pa.C.S. § 9721.

With respect to the punishment of incarceration, 18 Pa.C.S. § 1103 governs the maximum authorized sentence of imprisonment for felony convictions. By a separate statute, these maximum allowable terms also apply to probationary sentences, a different category of punishment authorized by the General Assembly. In 42 Pa.C.S. § 9754(a), the legislature directed that "[i]n imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision." **Id.** (emphasis added). Thus, the legislature explicitly connected the authorized punishments of incarceration and probation by statute.

However, most sentencing alternatives are not tied to the maximum authorized term of incarceration. For example, the

_____

(5)  A fine.

(6)  County Intermediate punishment.

(7)  State Intermediate punishment.

42 Pa.C.S. § 9721(a).

- 4 -

legislature has authorized courts to include in sentences the requirement that a defendant pay a fine or restitution. These categories of punishment are not limited by the maximum period of incarceration; rather, the legislature set different maximum authorized amounts of punishment a court may impose as part of its sentence. ***See, e.g.***, 18 Pa.C.S. § 1101 (defining maximum fines); 18 Pa.C.S. § 1106 (providing statutory scheme for restitution for injuries to person or property).

**In SORNA the legislature authorized courts to include periods of registration as part of a sentence. Similar to the treatment of the payment of fines or restitution, the legislature did not tie the period of registration to the length of incarceration**. ***See*** 42 Pa.C.S. § 9799.14 ("Sexual offenses and tier system"); 42 Pa.C.S. § 9799.15 ("Period of registration"). **SORNA's registration provisions are not constrained by Section 1103. Rather, SORNA's registration requirements are an authorized punitive measure separate and apart from Appellant's term of incarceration. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration.**

***Strafford***, 194 A.3d at 172-73 (emphasis added). ***See also Bricker***, 198 A.3d at 376-77 (requirement that defendant register as sexual offender for 25 years pursuant to SORNA, imposed on defendant convicted of unlawful contact with minor, not illegal notwithstanding argument that sentence exceeded statutory maximum penalty of 7 years' imprisonment for felony offenses; SORNA's registration requirements not governed by statutory maximum penalties).

Additionally, in ***Martin*** we held that the registration requirement imposed upon Martin pursuant to SORNA did not violate the rule in ***Apprendi***.

*Martin*, 205 A.3d at 1252. We stated: "Unlike the defendant in *Apprendi*, [Martin] pled guilty to a single count of [i]ndecent [a]ssault and was advised of the resulting registration and reporting requirements under SORNA. The trial court at no time made a factual finding that increased [Martin's] sentence[,] which was the result of his guilty plea to the qualifying crime. As such, this claim also lacks merit." *Id.*

Here, like in *Martin*, the facts are distinguishable from those in *Apprendi*. Unlike the defendant in *Apprendi*, Colon pled guilty to a single count of invasion of privacy, and he was advised of and acknowledged the resulting registration and reporting requirements under SORNA. *See* Acknowledgement of Notification Pursuant to 42 Pa.C.S. § 9799.23, 7/19/17. The trial court at no time made a factual finding that increased Colon's sentence that was the result of his guilty plea to the qualifying crime. This claim, therefore, also lacks merit.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/15/2019

- 6 -