J. S34032/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                  :               PENNSYLVANIA
                        v.                    :
                                                 :
WAYNE FITZGERALD WILLIAMS, II,    :        No. 1909 MDA 2019
                                                 :
               Appellant         :

Appeal from the Judgment of Sentence Entered July 1, 2019,
in the Court of Common Pleas of Luzerne County
Criminal Division at No. CP-40-CR-0003343-2018

BEFORE: PANELLA, P.J., BENDER, P.J.E. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED DECEMBER 23, 2020**

Wayne Fitzgerald Williams, II, appeals from the July 1, 2019 aggregate judgment of sentence of 132 to 360 months' imprisonment imposed after he plead guilty to two counts of involuntary deviate sexual intercourse – person less than 16 years of age ("IDSI").[1] The Sexual Offender Assessment Board ("SOAB") concluded that appellant did not meet the criteria to be classified as a sexually violent predator ("SVP"). After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts and procedural history of this case as follows:

> On November 6[,] 2018, the Luzerne County District Attorney filed a nine (9) count Information docketed to number 3343 of 2018 charging [] appellant herein

---

[1] 18 Pa.C.S.A. §§ 3123(a)(7).

with three (3) counts of [IDSI], rape, threat of forcible compulsion, statutory sexual assault, indecent assault, indecent assault on a person less than 16 years of age, corruption of minors, and terroristic threats. The criminal information alleged that [] appellant committed the offenses charged therein on or about August 4, 2018.[Footnote 1]

> [Footnote 1] Act 10, the most recent legislative update to SORNA became effective June 12, 2018. Appellant [pled] guilty to sexual offenses which occurred on August 4th and 5th of 2018.

On April 5, 2019, following the conduct of a hearing, [] appellant [pled] guilty to two (2) counts of [IDSI].[Footnote 2] After a recitation of the factual basis for the plea by the assistant district attorney and a thorough colloquy of both [] appellant and his counsel, the [trial] court accepted [] appellant's plea and scheduled sentencing for a separate date. A presentence investigation (PSI) was ordered to be completed by the Luzerne County Adult Probation and Parole Department prior to sentencing.

> [Footnote 2] [] Appellant [pled] guilty to and admitted to facts supporting his convictions for IDSI charged at counts one (1) and two (2) for criminal conduct with the same victim on August 4th and 5th of 2018.

On July 1, 2019, [] appellant appeared before this court for sentencing. We considered the submissions of the parties, the PSI, and the applicable sentencing guidelines. Thereafter, on each of the two counts for which he [pled] guilty, we sentenced [] appellant within the standard range of the applicable guidelines to consecutive terms of incarceration for not less than sixty-six (66) months but no more than one hundred and eighty (180) months. The sentences were ordered to run consecutively and thus [] appellant's aggregate minimum sentence is one hundred and

> thirty two (132) months to three hundred and sixty (360) months.
>
> During the sentencing hearing, [] appellant's counsel indicated his intention to file a post-sentence motion "objecting to the constitutionality of the present SORNA" Sexual Offender Registration Notification Act, 42 Pa.C.S.A. [§] 9799.10 et seq. We noted [] appellant's objection and overruled it asking the assistant district attorney representing the Commonwealth to provide [] appellant with notice of his reporting requirements by reading them aloud on the record. [] Appellant was not determined to be [an SVP] pursuant to 42 Pa.C.S.[A.] §9799.24(e). At the conclusion of the sentencing hearing, [] appellant was advised of his post-sentence and appellate rights and remanded.
>
> On July 8, 2019, [] appellant filed a counseled post-sentence motion raising constitutional challenges to SORNA as applied to him. We note that the issues that [] appellant raised in his post-sentence motion are not precisely the same the [sic] issues raised in his concise statement. After careful review, we denied appellant's post-sentence motions by order dated October 21, 2019.
>
> On November 19, 2019, [] appellant filed a notice of appeal. Thereafter, we ordered [] appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b) and directed the Commonwealth to respond thereto. [] Appellant's concise statement of matters complained of [on] appeal pursuant to Pa.R.A.P. 1925(b) was filed on December 26, 2019 and was received by the trial court on January 7, 2020.

Trial court opinion, 2/28/20 at 1-3 (extraneous capitalization, some citations, and footnote 3 omitted).

Appellant raises the following issues for our review:

1. Whether SORNA II contravenes the 5th, 6th and 14th Amendments of the United States Constitution and Article 1, § 1 of the Pennsylvania Constitution as a criminal punishment, without appropriate due process requiring that each fact necessary to support the imposition of punishment over which the court has no control is submitted to a jury and proven beyond a reasonable doubt under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, [570 U.S. 99] (2013)?

2. Whether a sentence requiring [a]ppellant to register under SORNA or SORNA II, Subchapter H of Act 29 of 2018, is illegal because it imposes a punishment is not statutorily authorized under the Pennsylvania Sentencing Code (42 Pa.C.S.A. § 9721 et seq.) and violates the Separation of Powers Doctrine?

Appellant's brief at 2.

The crux of appellant's argument is that registration requirements under Revised Subchapter H in SORNA II are punitive in nature and unconstitutional because they made insufficient changes to SORNA. (Appellant's brief at 6-20.) Specifically, appellant contends that Revised Subchapter H violates his due process rights under the United States and Pennsylvania Constitutions because it increases punishment based on facts found by the legislature as opposed to a jury in violation of *Apprendi* and *Alleyne*. (*Id.*) For the following reasons, we disagree.

When an appellant challenges the constitutionality of a statute, the appellant presents this Court with a question of law. Our consideration of questions of law is plenary. A statute is presumed to be constitutional and will not be declared unconstitutional unless it

> clearly, palpably, and plainly violates the constitution. Thus, the party challenging the constitutionality of a statute has a heavy burden of persuasion.

**Commonwealth v. Howe**, 842 A.2d 436, 441 (Pa.Super. 2004).

We find that a brief examination of the recent case law concerning the various constitutional challenges to sexual offender registration in this Commonwealth, and the legislative responses thereto, is relevant to the issues now on appeal.

On December 20, 2012, the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10–9799.41, became effective. The stated purpose of SORNA was "[t]o bring the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006 (Public Law 109-248, 120 Stat. 587)." 42 Pa.C.S.A. § 9799.10(1). In line with the federal requirements, SORNA created a three-tier registration system based upon the severity of the underlying criminal offense. **Id.** at § 9799.14-9799.15. An offender that is required to register is subject to prosecution for failure to comply under 18 Pa.C.S.A. § 4915.1.

On July 19, 2017, in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), **cert. denied**, ___ U.S. ___, 138 S. Ct. 925 (2018), a plurality of our supreme court held that the registration provisions of SORNA were punitive in

nature, pursuant to the seven-factor test[2] set forth in **Kennedy v. Mendoza-Martinez**, 372 U.S. 144 (1963). **Muniz**, 164 A.3d at 1218-1220. The **Muniz** court found that application of those registration provisions to offenders who committed their crimes prior to SORNA's effective date violated the **ex post facto** clauses of the United States and Pennsylvania Constitutions. **Id.**

Shortly thereafter, this court extended our **Muniz** rationale to invalidate SORNA's provisions governing the determination of whether a particular offender is an SVP. Specifically, in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa.Super. 2017) ("**Butler I**"), **reversed**, 226 A.3d 972 (Pa. 2020) ("**Butler II**"), we held that the provision of SORNA requiring a court to designate a defendant as an SVP by clear and convincing evidence violates the federal and state constitutions because it increases a defendant's criminal

---

[2] The seven factors for determining whether a statute is punitive in nature are commonly referred to as the **Mendoza-Martinez** factors:

> [w]hether the sanction involves an affirmative disability or restraint[;] whether it has historically been regarded as a punishment[;] whether it comes into play only on a finding of scienter[;] whether its operation will promote the traditional aims of punishment—retribution and deterrence[;] whether the behavior to which it applies is already a crime[;] whether an alternative purpose to which it may rationally be connected is assignable for it[;] and whether it appears excessive in relation to the alternative purpose assigned . . . .

**Kennedy**, 372 U.S. at 168-169 (internal footnotes omitted).

penalty without the fact-finder's making necessary factual findings beyond a reasonable doubt. **Butler I**, 173 A.3d at 1218.

In response to **Muniz** and **Butler I,** the Pennsylvania General Assembly revised SORNA by passing Acts 10 and 29 of 2018 (also referred to as "SORNA II").[3] The express purpose of both legislative enactments was to cure SORNA's constitutional defects. **See** 42 Pa.C.S.A. § 9799.51(b)(4) (stating, "it is the intention of the General Assembly to address [**Muniz** and **Butler**].")."). The new statute divides sex offender registration into two categories, depending on the date that the underlying offense occurred. Specifically, through Act 10, as amended in Act 29, the General Assembly created Subchapter I, which addresses sexual offenders who committed an offense on or after April 22, 1996, but before SORNA's effective date, December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.52. Our General Assembly also modified Subchapter H's registration requirements for those offenders convicted of committing offenses that occurred on or after December 20, 2012, which is relevant to the case **sub judice**. **Id.** at § 9799.11(c).

Thereafter, on March 26, 2020, our supreme court reversed **Butler I**, concluding that the stated purpose of Revised Subchapter H was non-punitive in nature. **Butler II**, 226 A.3d at 987. Specifically, the **Butler II** court held that "the procedure for designating individuals as SVPs under

---

[3] **See** Act of Feb. 21 2018, P.L. 27, No. 10 ("Act 10"); Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29").

Section 9799.24(e)(3) is not subject to the requirements of **Apprendi** and **Alleyne** and remains constitutionally permissible." **Id.** at 976.

Although **Butler II** may initially appear dispositive of this matter, we emphasize that **Butler II** concerns the registration provisions of Revised Subchapter H **applicable to SVPs**. In this case, the SOAB concluded that appellant did not meet the criteria for designation as an SVP. (Notes of testimony, 7/1/19 at 2; trial court opinion, 2/28/20 at 3.) Accordingly, **Butler II** is not applicable to him. **See Commonwealth v. Muhammad**, ___ A.3d ___, 2020 WL 6245269 at *6 n.6 (Pa.Super. filed October 23, 2020) (stating, "[t]he trial court herein did not designate Appellant [as] an SVP, so this case does not relate in any way to SORNA's SVP provisions or to the analysis of the SVP provisions in **Butler**"); **see also Commonwealth v. Torsilieri**, 232 A.3d 567, 572 n.2 (Pa. 2020) (holding that, "as **Butler II** involves provisions related to the SVP designation process, it is not relevant to Appellee, who was not designated an SVP").

Recently, on June 16, 2020, our supreme court was faced with addressing the constitutionality of the provisions in Revised Subchapter H that are applicable to non-SVPs in **Torsilieri**, **infra**. In **Torsilieri**, a defendant was convicted of aggravated indecent assault and indecent assault and claimed that SORNA II was unconstitutional on its face by creating an irrebuttable presumption that all sexual offenders pose a high risk of recidivism. **Id.** at 572-573. The defendant argued that the presumption that

all sex offenders are dangerous and pose a high risk of recidivism, necessitating registration, was not supported by current research and threatens public safety by preventing the re-integration of offenders as law-abiding citizens. *Id.* The trial court agreed, finding the registration provisions of Revised Subchapter H unconstitutional based largely on the scientific evidence the defendant had advanced at the hearing. *Id.* at 574-575. However, on appeal, the *Torsilieri* court did not reach the merits of any of the constitutional claims at issue, determining instead that the factual record was not sufficiently developed in the trial court and that a remand was necessary to determine whether Revised Subchapter H amounts to criminal punishment. *Id.* at 587-588.[4]

Turning to the instant matter, our review reveals that appellant fails to make a cogent argument attacking SORNA II as unconstitutional. The record reflects that although appellant identified several aspects of SORNA II that have remained virtually unchanged since SORNA I, he failed to conduct a thorough analysis of the *Mendoza-Martinez* factors in his brief, nor demonstrated that the registration provisions of Revised Subchapter H

---

[4] We further recognize that during the pendency of this appeal, our supreme court decided *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), on July 21, 2020. In *Lacombe*, our supreme court held that Revised Subchapter I of SORNA II is non-punitive and does not violate the constitutional prohibition against *ex post facto* laws. *Id.* at 626-627. As *Lacombe* applies only to Revised Subchapter I, and the registration requirements at issue in the instant matter arise under Revised Subchapter H, *Lacombe* is not relevant to our disposition.

applicable to non-SVPs "clearly, palpably, and plainly violate the state and federal **ex post facto** clauses." **See Commonwealth v. Cosby**, 224 A.3d 372, 431 (Pa.Super. 2019) (holding that appellant failed to develop his challenge to the constitutionality of SORNA II where he cited, but did not adequately apply, the **Mendoza-Martinez** test to challenged provisions of SORNA II), **appeal granted in part**, 236 A.3d 1045 (Pa. 2020).[5]  It follows that such discussion would be critical to any analysis of whether the registration provisions of Revised Subchapter H of SORNA II applicable to non-SVPs are punitive and, thus, unconstitutional.

Moreover, we note that, unlike the defendant in **Torsilieri**, appellant did not adequately argue that Revised Subchapter H deprived him of procedural due process because it creates an irrebuttable presumption of recidivism, thus depriving him of his right to his reputation without notice and opportunity to be heard.  Accordingly, for all the foregoing reasons, appellant's first claim must fail.

Appellant next argues that Revised Subchapter H is unconstitutional because it violates the separation of powers doctrine by effectively removing the trial court's ability to fashion an individualized sentence.  (Appellant's brief at 20-26.)  We find that the trial court comprehensively addressed this claim

---

[5] Our supreme court's partial grant of allowance of appeal in **Cosby** was on grounds unrelated to the constitutionality of SORNA II.

in its February 28, 2020 opinion, and we adopt its well-reasoned analysis as our own:

> Appellant asks if SORNA violates the separation of powers doctrine. In answer, we submit that it does not. The General Assembly has "the exclusive power to pronounce which acts are crimes, to define crimes, and to fix the punishment for all crimes." **Commonwealth v. Martin**, 205 A.3d 1247 (Pa.Super. 2019)[, q]uoting **Commonwealth v. Eisenberg**, 98 A.3d 1268 (Pa. 2014). The legislature has authorized the courts to use discretion and impose specific punishments. 42 Pa.C.S.[A.] § 9721. While SORNA being characterized as a punishment had necessary effect on the retroactive application of its provisions in **Muniz**, we see no reason why characterizing SORNA's requirements as a punishment would diminish the authority of the General Assembly to impose such a sanction. Accordingly, [a]ppellant's second issue is without merit.

Trial court opinion, 2/28/20 at 7 (citation formatting amended).

For all the foregoing reasons, we find that appellant has failed to satisfy his burden to prove that the applicable registration provisions in Revised Subchapter H "clearly, palpably, and plainly" violate the constitution. **Cosby**, 224 A.3d at 431; **see also Howe**, 842 A.2d at 441. Accordingly, we affirm appellant's July 1, 2019 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2020