J-S48020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CALVIN GADSON | : | |
| | : | |
| Appellant | : | No. 3496 EDA 2018 |

Appeal from the Order Entered October 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001989-2010

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:                **FILED OCTOBER 16, 2019**

This is an appeal by Calvin Gadson, Appellant, from the Philadelphia Common Pleas Court's order providing a revised notice to Appellant pursuant to 42 Pa.C.S. § 9799.23, upon a limited remand from this Court in a PCRA[1] appeal.  Additionally, Appellant's court-appointed attorney seeks to withdraw as counsel.  In response to counsel's petition to withdraw, Appellant has filed a *pro se* brief.  We grant counsel's petition to withdraw and affirm the order of the PCRA court.

The facts of the underlying crime are particularly horrific; they were fully set forth in a prior opinion of this Court, and we will not repeat them in detail.

_____

* Retired Senior Judge assigned to the Superior Court.

[1]  Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.

*Commonwealth v. Gadson*, 141 A.3d 588, 2876 EDA 2014 (Pa. Super. filed February 8, 2016) (unpublished memorandum). In short, on January 31, 1998, Appellant and a cohort, who had a shotgun and a rifle, took turns vaginally raping, attempting anal rape, and forcing fifteen-year-old D.R. to perform oral sex in a public park, while they physically assaulted and held D.R.'s boyfriend, now husband, at gun point. *Id.* at *1. The rapists left the victims face-down in the park, threatened to kill them if they moved, and fled. *Id.* Eventually, D.R. was taken to the hospital "where a nurse prepared a rape kit. . . . The samples in the rape kit were preserved, and a DNA profile was obtained and documented on July 29, 2002." *Id.* Seven years later, on July 31, 2009, the DNA preserved in the rape kit was matched to Appellant, who was arrested and ultimately tried in 2014. A jury convicted Appellant of rape, conspiracy, sexual assault, robbery, and unlawful restraint[2] on February 11, 2014, and acquitted him of firearms violations.

> We summarized the initial procedural history as follows:
>
> Following a hearing on August 15, 2014, the court entered an order classifying Appellant as a sexually violent predator [("SVP")]. The court immediately sentenced Appellant to consecutive terms of ten (10) to twenty (20) years' imprisonment each for the rape, conspiracy to commit rape, and robbery convictions. The court also sentenced Appellant to a consecutive two and [one-]half (2 ½) to five (5) years' imprisonment for the sexual assault conviction, and a concurrent term of one and [one]half (1½) to three (3) years' imprisonment for the unlawful restraint conviction. Appellant received an aggregate sentence of

---

[2] 18 Pa.C.S. §§ 3121(a)(1), 903(a)(1), 3124.1, 3701(a)(1)(ii), and 2902(a)(1), respectively.

- 2 -

thirty-two and [one] half (32 ½) to sixty-five (65) years' incarceration.

*Gadson*, 2876 EDA 2014 (unpublished memorandum at *1). Appellant did not file post-sentence motions. In a timely appeal to this Court, Appellant unsuccessfully challenged the sufficiency of the evidence supporting the rape conviction,[3] and we affirmed the judgment of sentence. *Id.* Our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Gadson*, 141 A.3d 478, 88 EAL 2016 (Pa. filed July 7, 2016).

Appellant filed a timely *pro se* petition pursuant to the PCRA on November 7, 2016. The PCRA court appointed counsel, who filed a petition to withdraw and a *Turner*/*Finley*[4] letter. On February 21, 2017, the PCRA court dismissed Appellant's PCRA petition and permitted counsel to withdraw. Orders, 2/21/17. Appellant, *pro se*, filed a timely appeal to this Court raising four claims of trial and appellate counsels' ineffectiveness. *Commonwealth v. Gadson*, 188 A.3d 500, 1036 EDA 2017 (Pa. Super. filed March 6, 2018) (unpublished memorandum). We affirmed the PCRA court's dismissal order and denied the issues raised on appeal on their merits in reliance upon the

---

[3] Appellant forewent on direct appeal the following two additional issues that he had included in his Pa.R.A.P. 1925(b) statement: whether Appellant's acquittal on a firearms charge precluded the guilty findings for rape, conspiracy, robbery and unlawful restraint, and whether the convictions for rape and sexual assault should have merged for sentencing purposes. *Gadson*, 88 EAL 2016, unpublished memorandum at *6–7.

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

PCRA court's opinion. However, we *sua sponte* vacated Appellant's designation as an SVP and ordered a limited remand to the trial court solely "to issue a revised notice to Appellant pursuant to 42 Pa.C.S. § 9799.23 [governing reporting requirements of sex offenders]. **See** [**Commonwealth v.**] **Butler**, [173 A.3d 1212 (Pa. Super. 2017) (addressing legality of the appellant's SVP status), petition for allowance of appeal granted, 190 A.3d 581, 47 WAL 2018 (Pa. filed 7/31/18)[5]]." **Id.** at *3. Docket entries herein indicate new counsel was appointed on June 29, 2018.

Upon remand and per our instructions, the PCRA court, with Appellant present on October 18, 2018, modified Appellant's classification to a Tier III sexual offender and provided the relevant registration requirements.[6] N.T., 10/18/18, at 3–5. Appellant filed the instant appeal on November 14, 2018.

_____

[5] **Commonwealth v. Butler**, 25 WAP 2018, is scheduled to be argued to the Pennsylvania Supreme Court on October 16, 2019.

[6] At the hearing on October 18, 2018, Appellant's counsel apprised the court that the remand did not involve "chang[ing] the sentence." N.T., 10/18/18, at 3. Unnecessarily, counsel asked the court to vacate the August 15, 2014 order declaring Appellant's status as an SVP, and the court did so. **Id.** Such action was moot, however, because this Court previously vacated Appellant's SVP status on appeal. **Gadson**, 1036 EDA 2017 (unpublished memorandum at*3) ("[W]e vacate Appellant's SVP status and remand to the trial court . . . ."). Counsel then asked the court to provide the relevant notice to Appellant as a Tier III sexual offender, and the court did so. **Id.** at 4. No other action was requested or taken. For reasons unexplained in the record, the October 18, 2018 order providing Appellant's notice as a Tier III sexual offender is titled, "ORDER-Post-Sentence Motion," and the order states that "the Post Sentence Motion is GRANTED," even though no such motion exists in the record.

As noted *supra*, Appellant's counsel filed a petition to withdraw in this Court and thereafter filed a purported ***Turner***/***Finley*** brief.[7] We will refer to counsel's erroneously titled ***Anders*** brief as a ***Turner***/***Finley*** brief.

Counsel raises the following issue in the ***Turner***/***Finley*** brief:

> Should the sentence imposed upon defendant/appellant by the lower court be reduced where defendant/appellant was found to be a sexually violent predator ("SVP") and sentenced to a term of 32 ½ to 65 years in prison, and this Court subsequently vacated the SVP finding and remanded the matter to the sentencing court for the limited purpose of issuing a revised registration notice pursuant to 42 Pa.C.S.A. § 9799.23?

***Turner***/***Finley*** Brief at 5. In Appellant's *pro se* response to counsel's petition to withdraw, Appellant raises the following issues:

> I. Whether the trial court illegally sentenced Appellant in the instant matter by relying on the impermissible consideration that Appellant was a sexual [sic] violent predator when it imposed the instant sentence ?
>
> II. Whether the lower court erred and violated the mandates set forth in Pa.R.Crim.P. Rule 704 at Appellant's resentencing hearing on October 18, 2018?
>
> III. Whether counsel's conclusion that "to the extent that [Appellant] claims that he was deprived of his right to effective assistance of counsel due to a failure to raise a challenge to the

_____

[7] Counsel erroneously purports to withdraw under ***Anders v. California***, 386 U.S. 738 (1967), which applies when counsel seeks to withdraw from representation on direct appeal. When, as in this case, counsel seeks to withdraw from representation on collateral appeal, the dictates of ***Finley*** and ***Turner*** are applicable. ***See Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (counsel petitioning to withdraw from PCRA representation must proceed not under ***Anders***, but under ***Turner*** and ***Finley***). Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** "no merit" letter. ***Commonwealth v. Reed***, 107 A.3d 137, 139 n.5 (Pa. Super. 2014).

discretionary aspect of sentence imposed in this case, such a claim is unavailing under PCRA" in his Anders/McClendon brief is legally erroneous?

Appellant's *Pro Se* Brief at 3.

Prior to addressing the merits of Appellant's appeal, we must decide whether counsel has fulfilled the procedural requirements for withdrawing his representation. ***Commonwealth v. Daniels***, 947 A.2d 795, 797 (Pa. Super. 2008). This Court has set forth the conditions that must be satisfied before counsel will be permitted to withdraw in a collateral appeal:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under ***Turner***, ***supra*** and ***Finley***, ***supra*** and ... must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> * * *

> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of ***Turner***/***Finley***, the court— trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Muzzy***, 141 A.3d 509, 510–511 (Pa. Super. 2016) (quoting ***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012)).

- 6 -

In the petition filed with this Court, counsel explained that he was appointed to represent Appellant, he reviewed the case, evaluated the issues, conducted an independent review of the record, and concluded there were no issues of merit. Petition to Withdraw, 4/22/19, at ¶¶ 3–5. Counsel also listed an issue allegedly relevant to this appeal in his brief and explained why the appeal is without merit. *Turner*/*Finley* Brief at 7. In addition, counsel averred that he served upon Appellant a copy of the petition to withdraw, the brief, and a letter addressed to Appellant accompanying those documents. Petition to Withdraw, 4/22/19, at ¶¶ 7–9. Thus, we will allow counsel to withdraw if, after our independent review, we conclude that the claim relevant to this appeal lacks merit.

Counsel's issue in the *Turner*/*Finley* brief and Appellant's issues in the *pro se* brief relate to Appellant's original August 15, 2014 judgment of sentence imposed following his conviction.[8] These claims are beyond the limited remand ordered in this case.

In the PCRA appeal leading to the instant remand, we noted that the *Butler* Court concluded that because our Supreme Court held in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), that the registration requirements of the Sexual Offender Registration and Notification Act ("SORNA") are punitive, and an SVP designation increases the registration

---

[8] Appellant's *pro se* issues also relate to allegedly faulty argument by counsel in the *Turner*/*Finley* brief.

period, trial courts cannot apply SORNA's increased registration requirement for SVPs because SORNA does not require a fact-finder to determine beyond a reasonable doubt that the defendant is an SVP. **Gadson**, 1036 EDA 2017 (unpublished memorandum at *3); **Butler**, 173 A.3d at 1217–1218 (citing **Alleyne v. United States**, 570 U.S. 99 (2013)). Therefore, **Butler** determined that the portion of SORNA that required a court to find a defendant to be an SVP by clear and convincing evidence, 42 Pa.C.S. § 9799.24(e)(3), was unconstitutional. **Butler**, 173 A.3d at 1217–1218.

> The [**Butler**] Court therefore concluded that trial courts no longer can designate convicted defendants as SVPs or hold SVP hearings "until our General Assembly enacts a constitutional designation mechanism." [**Butler**, 173 A.3d at 1218]. The **Butler** Court directed trial courts to apply only the applicable tier–based registration period, as those periods apply based on the conviction itself, and not due to any additional fact not found, under SORNA's procedures, by the fact–finder. The [**Butler**] Court ultimately reversed the order finding the defendant to be an SVP and remanded to the trial court for the sole purpose of issuing appropriate notice of the defendant's tier–based registration period. **Id.**

**Commonwealth v. Golson**, 189 A.3d 994, 1003 (Pa. Super. 2018).[9]

---

[9] In response to our Supreme Court's decision in **Muniz** and this Court's decision in **Butler**, the Pennsylvania General Assembly passed Acts 10 and 29 of 2018. The express purpose of both legislative enactments was to cure SORNA's constitutional defects. **See** 42 Pa.C.S. § 9799.51(b)(4) ("[I]t is the intention of the General Assembly to address [**Muniz** and **Butler**].") Specifically, our General Assembly modified Subchapter H's registration requirements for those offenders convicted of committing offenses occurring on or after SORNA's effective date, *i.e.*, December 20, 2012. Our General Assembly also added Subchapter I to Title 42, Part VII, Chapter 97. Subchapter I sets forth the registration requirements that apply to all

Instantly, the sole basis for the remand was for the court's provision of a revised notice to Appellant pursuant to 42 Pa.C.S. § 9799.23; it was not a remand for resentencing. *Gadson*, 1036 EDA 2017 (unpublished memorandum at *3); *see also* 42 Pa.C.S. § 9799.14 (sexual offenses and tier system); 42 Pa.C.S. § 9799.15 (period of registration). Because Appellant was convicted of Tier III offenses, he is required to register for his lifetime. *See* 42 Pa.C.S. § 9799.14(d)(2) (relating to rape) and (5) (relating to sexual assault); *see also* 42 Pa.C.S. § 9799.15(a)(3) ("An individual convicted of a Tier III sexual offense shall register for the life of the individual."). Here, upon remand, the court ordered Appellant's status as a Tier III offender, as we directed, and the relevant registration requirements were read to Appellant. N.T., 10/18/18, at 4–6.

Appellant's judgment of sentence became final in 2016 following this court's affirmance, *Gadson*, 2876 EDA 2014 (unpublished memorandum), our Supreme Court's denial of Appellant's petition for allowance of appeal on February 8, 2016, *Gadson*, 88 EAL 2016, and Appellant's failure to seek review in the United States Supreme Court. Our remand in 2018 affirmed the denial of Appellant's PCRA petition. *Gadson*, 1036 EDA 2017. The instant remand was for the sole purpose of provision of a ministerial function,

---

offenders convicted of committing offenses on or after the effective date of Megan's Law I (April 22, 1996), but prior to SORNA's effective date.

- 9 -

notifying Appellant of his registration requirements as a Tier III sexual offender.

SORNA registration requirements are not sentences in and of themselves. In **Commonwealth v. Strafford**, 194 A.3d 168 (Pa. Super. 2019), an appellant challenged his lifetime registration requirement, contending it exceeded the lawful statutory maximum sentences applicable to his convictions. In rejecting this claim, this Court explained:

> SORNA's registration provisions are not constrained by [18 Pa.C.S. Section 1103[10]]. Rather, SORNA's registration requirements are an authorized punitive measure **separate and apart from Appellant's term of incarceration**. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration.

**Id.** at 173 (emphasis added). Thus, the **Strafford** Court held that the legislature's direction of registration under SORNA was separate and distinct from any term of incarceration. **Id.**; **see also Commonwealth v. Bricker**, 198 A.3d 371 (Pa. Super. 2018 (SORNA's registration requirements are an authorized punitive measure separate and apart from an appellant's term of incarceration); **Commonwealth v. Martin**, 205 A.3d 1247 (Pa. Super. 2019) (same); **Commonwealth v. Prieto**, 206 A.3d 529 (Pa. Super. 2019) (same).

---

[10] Section 1103 governs the maximum authorized sentence of imprisonment for felony convictions.

Section 9721(a) of the Sentencing Code, 42 Pa.C.S. § 9721(a), lists the sentencing options available to a judge. That section does not include any authorization to impose SORNA requirements. Importantly, SORNA itself does not give the trial court any authority to impose SORNA as part of the sentence; the judge merely **informs** the offender that he has to register under SORNA. 42 Pa.C.S. § 9799.20. Indeed, a court's failure to do so does not negate compliance by the sex offender. 42 Pa.C.S.§ 9799.23(b)(1) ("Failure by the court to provide the information . . . to correctly inform . . . or to require a sexual offender to register shall not relieve the sexual offender from the requirements of this subchapter."). Significantly, offenders convicted of the enumerated crimes are required to register because SORNA's provisions are mandatory.

Where an appellant has already had the benefit of an appeal, which resulted in remand for resentencing, he is barred from raising any issue other than a challenge to the sentence imposed on remand. *Commonwealth v. Williams*, 151 A.3d 621, 625 (Pa. Super. 2016) (citing *Commonwealth v. Anderson*, 801 A.2d 1264, 1266 (Pa. Super. 2002)). Here, the term of incarceration was not modified or changed, as it was not before the lower court nor part of the limited remand by this Court. The general rule for a limited remand in a PCRA matter was clearly stated by our Supreme Court as follows:

> We have consistently held that in the absence of permission from this Court, a PCRA petitioner is not entitled to raise new claims

- 11 -

following our remand for further PCRA proceedings. *See, e.g., Commonwealth v. Daniels*, 628 Pa. 193, 104 A.3d 267, 285 (2014) (finding a new PCRA claim raised post-remand from this Court to have been waived, as "this Court explicitly limited the subject matter of the remand to the remaining issues already raised by appellees; we neither invited nor authorized appellees to raise additional collateral claims years after expiration of the PCRA time-bar"); *Commonwealth v. Spotz*, 610 Pa. 17, 18 A.3d 244, 328 (2011) (denying the appellant's request for remand for the PCRA court to consider issues first raised in a motion for reconsideration, as this would amount to the PCRA court's consideration of a second, untimely PCRA petition); *Commonwealth v. Rainey*, 593 Pa. 67, 928 A.2d 215, 226 n. 9 (2007) (stating that because this Court expressly permitted the appellant to raise one new PCRA claim on remand, raising any additional issues post-remand was improper); *Commonwealth v. Rush*, 576 Pa. 3, 838 A.2d 651, 661 (2003) (remanding the case for further proceedings before the PCRA court, but instructing that this did not open the door for the appellant to raise new PCRA claims on remand).

\* \* \*

Pennsylvania Rule of Appellate Procedure 2591 specifically addresses a lower court's authority on remand. It provides that upon remand from a higher court, the lower court "shall proceed in accordance with the judgment or other order of the appellate court." Pa.R.A.P. 2591.

\* \* \*

Following a full and final decision by a PCRA court on a PCRA petition, that court no longer has jurisdiction to make any determinations related to that petition unless, following appeal, the appellate court remands the case for further proceedings in the lower court. In such circumstances, **the PCRA court may only act in accordance with the dictates of the remand order**. The PCRA court does not have the authority or the discretion to permit a petitioner to raise new claims outside the scope of the remand order and to treat those new claims as an amendment to an adjudicated PCRA petition.

*Commonwealth v. Sepulveda*, 144 A.3d 1270, 1279–1280 (Pa. 2016) (footnotes omitted) (emphasis added).

We conclude in light of the limited nature of the remand order, which was solely for "the trial court to issue a revised notice to Appellant pursuant to 42 Pa.C.S.[] § 9799.23," *Gadson*, 1036 EDA 2017, the October 18, 2018 order doing so must be affirmed. Appellant makes no argument challenging the propriety of his classification as a Tier III offender, which would be the only relevant challenge of this order in our view, and which, at any rate, would be a frivolous claim. 42 Pa.C.S. § 9799.14(d)(2) and (5); 42 Pa.C.S. § 9799.15(a)(3).

Further, after our independent review of the record, we conclude there are no meritorious issues upon which Appellant may obtain relief. Having determined that the October 18, 2018 order must be affirmed, we grant counsel's petition to withdraw pursuant to *Turner*/*Finley*.

Petition to withdraw as counsel granted. Order affirmed.

Judge Strassburger joins this Memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/19

- 13 -