J-S64028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHAWN CARRIGG | : | |
| | : | |
| Appellant | : | No. 779 WDA 2019 |

Appeal from the PCRA Order Entered April 25, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007749-2017

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 23, 2020**

Shawn Carrigg appeals from the order, entered in the Court of common Pleas of Allegheny County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  After review, we affirm.

On October 10, 2017, Carrigg entered a negotiated guilty plea to one count each of sexual abuse of children (child pornography)[1] and criminal use of a communication facility.[2]   In exchange for the plea, the Commonwealth agreed to a sentence of 21 to 42 months' incarceration followed by 5 years' probation.  The Commonwealth also agreed not to seek a Sexually Violent

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6312(d).

[2] 18 Pa.C.S.A. § 7512(a).

Predator evaluation. Carrigg proceeded directly to sentencing and the court sentenced him in accordance with the agreement. Because of his convictions, Carrigg is subject to lifetime registration as a sex offender. 18 Pa.C.S.A. § 9799.55(b)(1) (individual with two or more convictions of any of offenses set forth in subsection (a) "shall be subject to lifetime registration[.]"). Carrigg did not file post-sentence motions or a direct appeal.

On June 6, 2018, Carrigg filed a timely *pro se* PCRA petition. The court appointed counsel, who filed an amended petition on November 7, 2018. In the amended petition, counsel averred Carrigg was eligible for relief because the court erred in imposing a lifetime registration requirement under Pennsylvania's Sexual Offender Registration and Notification Act (SORNA)[3]/Act 10 of 2018 insofar as the registration period exceeds the statutory maximum penalties for his crimes. **See** Amended PCRA Petition, 11/7/18, at 5. **See also** 42 Pa.C.S.A. § 9543(2) (vii) (eligibility for relief).

The PCRA court held a hearing on April 23, 2019. Following the hearing, the court denied relief. This appeal followed. Carrigg raises two issues for our review:

> I. Did the lower court abuse its discretion in denying the PCRA petition insofar as the petitioner established that [he] is not subject to the registration requirements and restrictions

---

[3] Act of Dec. 20, 2011, P.L. 446, No. 111, amended as, 42 Pa.C.S.A. §§ 9799.10- 9799.41, as amended and replaced by 2018, Feb. 21, P.L. 27, No. 10, § 19, immediately effective. Reenacted 2018, June 12, P.L. 140, No. 29, § 14, immediately effective. 42 Pa.C.S. §§ 9799.51-9799.75 ("SORNA II").

under [SORNA], or pursuant to H.B. 631/Act 2018-10, Act 10 of 2018?

    A. Did the court err in imposing a lifetime registration requirement under SORNA/Act 10 of 2018 insofar as the registration period exceeds the statutory maximum penalty for child pornography under 18 Pa.C.S.[A.] § 6312, and criminal use of a communication facility under 18 Pa.C.S.[A.] § 7512?

    B. Was the court authorized by law to impose a punitive sentence of registration under SORNA, or Act 10 of 2018, insofar as the [A]cts are punitive, unlawful and unconstitutional pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017)?

Appellant's Brief, at 4.[4]

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal

citations omitted).

---

[4] We note that even though Carrigg phrases his claims in terms of the court's imposition of lifetime registration under SORNA, we clarify that the court is required only to notify a defendant of registration requirements; the registration terms are authorized by the legislature.

- 3 -

Carrigg first argues his sentence is illegal because a lifetime registration requirement exceeds the statutory maximum penalty for the crimes of child pornography and criminal use of a communications facility. No relief is due.

In **Commonwealth v. Strafford**, 194 A.3d 168 (Pa. Super. 2018), we stated: "SORNA'S registration requirements are an authorized punitive measure separate and apart from Appellant's term of incarceration," and are not governed by statutory maximum penalties. **Id.** at 173. In **Commonwealth Martin**, 205 A.3d 1247 (Pa. Super. 2019), this Court, relying on **Strafford** and **Commonwealth v. Bricker**, 198 a.3d 371 (Pa. Super. 2018), explained that SORNA's registration requirements are not governed by the statutory maximum sentences set forth in Chapter 11 of the Crimes Code. **Martin**, 205 A.3d at 1250. Thus, the lifetime registration requirement authorized by SORNA does not constitute an illegal sentence.

Next, Carrigg argues that the requirement that he register under SORNA/Act 10 is illegal inasmuch as the registration requirements are punitive and unconstitutional pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). Carrigg misapprehends the application of **Muniz**.

The **Muniz** Court held that SORNA's registration requirements constitute criminal punishment, and thus, their *retroactive* application to increase a sexual offender's term of registration violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions. **Muniz**, 164 A.3d at 1193, 1223. Here, Carrigg's crimes occurred in June of 2017, thus he was always

- 4 -

subject to SORNA, which was enacted on December 20, 2012, and there is no issue with respect to *ex post facto* punishment.

> Critical to relief under the *ex post facto clause* is not an individual's right to less punishment, **but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated**. Based on these concerns, [in **Calder v. Bull**, 3 U.S. 386 (1798),] Chief Justice Chase set out four categories of laws that violate such prohibitions:
>
>> 1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2nd. Every law that aggravates a crime, or makes it greater than it was, when committed. 3rd. **Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed**. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender.
>
> Furthermore, two critical elements must be met for a criminal or penal law to be deemed *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. As such, [o]nly those laws which disadvantage a defendant and fall within a **Calder** category are *ex post facto* laws and constitutionally infirm. The *ex post facto* clauses of the United States and Pennsylvania Constitutions are implicated here because a holding rendering the effects of SORNA's registration requirements punitive would place the statute into the third **Calder** category: application of the statute would inflict greater punishment on appellant than the law in effect at the time he committed his crimes.

**Muniz**, 164 A.3d at 1195–96 (quotation marks, unnecessary capitalization, and some citations omitted) (emphasis added). As this Court recognized in **Commonwealth v. McCullough**, 174 A.3d 1094 (Pa. Super. 2017) (en banc), "[t]he **Muniz** Court held that Pennsylvania's SORNA is an

unconstitutional *ex post facto* law when applied retroactively to those sexual offenders convicted of applicable crimes **before** the act's effective[] date and subjected to increased registration requirements under SORNA after its passage." **Id.** at 1095 (emphasis added).

Unlike in **Muniz**, the *ex post facto* clause of the Pennsylvania Constitution is not implicated here because application of SORNA's or Act 10's[5] registration requirements would **not** inflict greater punishment on Carrigg than the law in effect at the time he committed his crimes. **Muniz**, **supra**. Accordingly, we find no error in the PCRA court's denial of relief. **Ford**, **supra**. We, therefore, affirm the PCRA order.

Order affirmed.

---

[5] Act 10 (now Act 29) (2018), Feb. 21, P.L. 27, No. 10, § 6, imd. effective. Reenacted 2018, June 12, P.L. 140, No. 29, § 4, imd. effective (referred to collectively as Act 10), was enacted in response to **Muniz** and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018) (Table) (concluding challenge to appellant's increased registration requirements under SORNA implicated legality of sentence imposed). Essentially, Act 10 sought to eliminate SORNA's "punitive" effects. We note that the issue of whether Act 10 (now Act 29) is unconstitutional in light of **Muniz** is also before the Pennsylvania Supreme Court. **See Commonwealth v. Lacombe**, 35 MAP 2018 (Pa. 2018).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/23/2020