J-S62024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              :           PENNSYLVANIA
                                                :

               v.                               :
                                              :

KEVIN MICHAEL O'CONNELL       :
                                              :
           Appellant                :      No. 543 WDA 2019

Appeal from the Judgment of Sentence Entered, November 19, 2018,
in the Court of Common Pleas of Somerset County,
Criminal Division at No(s): CP-56-CR-0000861-2017.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:         **FILED FEBRUARY 14, 2020**

    Kevin Michael O'Connell appeals from the judgment of sentence imposed following the entry of his guilty plea to one count each of invasion of privacy and disorderly conduct.[1] We affirm.

    In 2017, O'Connell entered the middle stall in the women's restroom at the Somerset County library. When a female library employee subsequently entered the adjacent stall, O'Connell slid a cell phone under the partition wall in an attempt to record the female employee while she undressed and used the toilet. The employee noticed the cell phone, and when she looked under the wall, she observed the feet of an individual wearing ladies' ankle boots and fishnet stockings. The employee left the restroom and contacted another

---

[1] **See** 18 Pa.C.S.A. §§ 7507.1(a)(1), 5503(a)(4). Both of O'Connell's convictions were graded as a third-degree misdemeanor.

female library employee, who then entered the women's restroom. She asked the individual in the middle stall if they needed assistance. When she received no response, she looked through the sides of the stall door, and recognized O'Connell, who had patronized the library in the past. The library employees then contacted police. However, before police arrived, O'Connell fled the facility.

O'Connell was later arrested and charged with multiple offenses. On July 17, 2018, he pleaded guilty to one count each of invasion of privacy and disorderly conduct. On November 19, 2018, the trial court sentenced him to an aggregate term of six months to one year of incarceration. The trial court additionally notified O'Connell of a fifteen year registration requirement under the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. § 9799.10 *et seq*., because his conviction for invasion of privacy was enumerated as a Tier I offense.[2] ***See*** 42 Pa.C.S.A. §§ 9799.14, 9799.15. At sentencing, O'Connell acknowledged that his conviction for invasion of privacy constituted a Tier I offense, and signed a notification form stating that he understood his fifteen-year registration requirement under SORNA.

O'Connell filed a timely post-sentence motion challenging the length of the SORNA registration requirement. On March 14, 2019, the trial court

_____

[2] Prior to sentencing, the trial court ordered that O'Connell be assessed by the Sexual Offenders Assessment Board to determine whether he is a sexually violent predator ("SVP"). However, at sentencing, the trial court made no determination as to whether O'Connell is an SVP.

denied the motion. O'Connell filed a timely notice of appeal. Both O'Connell and the trial court complied with Pa.R.A.P. 1925.

O'Connell raises the following issue for our review: "Whether the trial court erred in denying [O'Connell's] post-sentence motion to limit [his] SORNA registration to a duration of two (2) years?" O'Connell's Brief at 3 (unnecessary capitalization omitted).

O'Connell challenges the legality of his sentence based on *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (holding that SORNA's enhanced registration requirements are punitive and, therefore, applying SORNA retroactively is a violation of the *ex post facto* clauses of the U.S. Constitution and Pennsylvania Constitutions), and *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) (holding that trial courts no longer can designate convicted defendants as SVP until our General Assembly enacts a constitutional designation mechanism).[3] We review the legality of a sentence *de novo*, and our scope of review is plenary. *Commonwealth v. Strafford*, 194 A.3d 168, 172 (Pa. Super. 2018).

O'Connell argues that his fifteen year sexual offender registration requirement under SORNA is illegal because it exceeds the lawful statutory

_____

[3] Notably, no retroactive application of SORNA was made in this case, nor was any SVP designation made in relation to O'Connell. Thus, we fail to see how *Muniz* or *Butler* applies to his illegal sentencing claim.

maximum sentences applicable to his third-degree misdemeanor convictions.[4]

However, O'Connell concedes that, in **Strafford**, this Court addressed the specific issue he now raises, and found it to be without merit. As the **Strafford** Court explained,

> Our General Assembly has authorized courts to impose specific punishments when fashioning a sentence, and specified maximum terms and amounts of those punishments. These categories of punishment include (1) partial or total confinement, (2) probation, (3) state or county intermediate punishment, (4) a determination of guilt without further penalty, and (5) a fine. 42 Pa.C.S.[A.] § 9721.
>
> With respect to the punishment of incarceration, 18 Pa.C.S.[A.] § 1103 governs the maximum authorized sentence of imprisonment for felony convictions. By a separate statute, these maximum allowable terms also apply to probationary sentences, a different category of punishment authorized by the General Assembly. In 42 Pa.C.S.[A.] § 9754(a), the legislature directed that "[i]n imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision." **Id**. (emphasis added). Thus, the legislature explicitly connected the authorized punishments of incarceration and probation by statute.
>
> However, most sentencing alternatives are not tied to the maximum authorized term of incarceration. For example, the legislature has authorized courts to include in sentences the requirement that a defendant pay a fine or restitution. These categories of punishment are not limited by the maximum period of incarceration; rather, the legislature set different maximum authorized amounts of punishment a court may impose as part of

---

[4] O'Connell argues that the fifteen year SORNA registration requirement exceeds the statutory maximum sentence applicable to both of his misdemeanor convictions. However, O'Connell is a Tier I offender based solely on his conviction for invasion of privacy. SORNA is not implicated by O'Connell's conviction for disorderly conduct.

- 4 -

its sentence. ***See, e.g.***, 18 Pa.C.S.[A.] § 1101 (defining maximum fines); 18 Pa.C.S.[A.] § 1106 (providing statutory scheme for restitution for injuries to person or property).

In SORNA the legislature authorized courts to include periods of registration as part of a sentence. Similar to the treatment of the payment of fines or restitution, the legislature did not tie the period of registration to the length of incarceration. ***See*** 42 Pa.C.S.[A.] § 9799.14 ("Sexual offenses and tier system"); 42 Pa.C.S.[A.] § 9799.15 ("Period of registration"). SORNA's registration provisions are not constrained by Section 1103. Rather, SORNA's registration requirements are an authorized punitive measure separate and apart from Appellant's term of incarceration. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration.

***Strafford***, 194 A.3d 172-73.

More recently, in ***Commonwealth v. Martin***, 205 A.3d 1247, 1252 (Pa. Super. 2019), this Court concluded that a fifteen year SORNA registration requirement did not constitute an illegal sentence. In so ruling, this Court explained that SORNA's registration requirements are not governed by the statutory maximum sentences set forth in Chapter 11 of the Crimes Code, and that SORNA independently authorized the registration of sexual offenders, even though 42 Pa.C.S.A. § 9721 does not include registration as a sentencing alternative. ***Martin***, 205 A.3d at 1250-51; ***see also Commonwealth v. Bricker***, 198 A.3d 371 (Pa. Super. 2018) (requirement that defendant register as sexual offender for twenty-five years pursuant to SORNA based on his conviction for unlawful contact with minor not illegal notwithstanding

argument that sentence exceeded statutory maximum penalty of seven years).

Here, the trial court classified O'Connell as a Tier I offender based on his conviction for invasion of privacy. The court was authorized to impose a fifteen year registration requirement as part of O'Connell's sentence. **See Martin**, 205 A.3d at 1251. In so doing, the court was not limited by the statutory maximum established for the underlying offense of invasion of privacy. **See id**. Accordingly, we conclude that O'Connell's fifteen year registration requirement authorized by SORNA does not constitute an illegal sentence, and he is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2020