J-S19016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN L. DUBOISE | : | |
| | : | |
| Appellant | : | No. 3095 EDA 2024 |

Appeal from the PCRA Order Entered November 7, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0011415-2014

BEFORE: PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY STABILE, J.: **FILED NOVEMBER 17, 2025**

Appellant, Ryan L. Duboise, appeals *pro se* from the order of the Court of Common Pleas of Philadelphia County dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

A prior panel previously summarized the facts:

From the time the victim, Monet Hall, and [Appellant] began dating, until the moment [Appellant] murdered her, the two had a violent and abusive relationship.

* * * *

On the morning of April 2, 2014, two days before Hall was found dead, Police Officer Christopher Reeder and his partner responded to a 911 call for a person with a weapon on Allegheny Avenue. The police encountered Hall, who appeared under the influence, and requested transportation to a hospital. She informed police that she had had an altercation with her boyfriend and that her head hurt. That same day, Hall told Temple University Hospital

staff that her boyfriend physically assaulted, punched, and kicked her. She was offered social service help but declined.

On the morning of April 4, 2014, after [Appellant] returned to his apartment from spending the night at his best fried Dustin Taylor's house, he called 911 and reported that he had found Hall unresponsive. When medics arrived at or around 7:30 a.m., they found Hall dead, lying naked on a bed. [Appellant] claimed that he did not know what had happened to her.

*  *  *  *

On April 4 and May 20, 2014, Dustin Taylor gave statements to Philadelphia Police detectives. He told detectives that [Appellant] came to his apartment on the night of April 3, 2014 (the night before Hall was found dead), and that his hands were swollen – his right hand was so puffy, it resembled "genetically modified chickens." Taylor said he joked about [Appellant's] swollen hands, but [Appellant] did not respond, something Taylor found strange.

Taylor also informed detectives that [Appellant] and Hall had domestic problems and that [Appellant] had complained to Taylor several times about Hall stealing drugs (crack and heroin) from him. [Appellant] also told Taylor that he would kick and punch Hall's ankles and legs and verbally abuse her, calling her a bitch, whore, and crack whore. Taylor said that two days before [Appellant] slept at his house, [Appellant] and Hall had a domestic incident after Hall stole $20.00 from [Appellant] and used it to get high.

***Commonwealth v. Duboise***, No. 2190 EDA 2016, 2018 WL 718538 at *1-2 (Pa. Super. filed Feb. 6, 2018) (unpublished memorandum) (original brackets omitted). Appellant was convicted of third-degree murder and possession of an instrument of crime by a jury on April 4, 2016. He was sentenced to an aggregate 22 ½ to 45 years' imprisonment. This Court affirmed his judgment of sentence. ***See id.*** On October 30, 2018, our Supreme Court denied allowance of appeal.

Appellant filed a *pro se* PCRA petition on July 29, 2021, asserting that his petition was timely due to an alleged new witness who claimed to have seen the victim with another man on the night of her murder. After multiple evidentiary hearings, the PCRA court found that Appellant established an exception to the PCRA time-bar, but that his underlying claim was devoid of merit. Therefore, the PCRA court denied Appellant's petition. This Court affirmed the denial of Appellant's PCRA petition. **See Commonwealth v. Duboise**, 2242 EDA 2022, 2023 WL 4533319 (Pa. Super. filed July 13, 2023) (unpublished memorandum).

On August 6, 2024, Appellant filed a second *pro se* PCRA petition. He asserted the governmental interference exception to the PCRA's timeliness requirement on the grounds that the Commonwealth failed to disclose: (1) the misconduct history of Detective Derrick Jacobs, who was involved in his case; and (2) an alleged police interview of Louis Colon taken by Detective Jacobs. **See** PCRA Petition, 8/6/24, at 2, 12. He also asserted the newly discovered fact exception on two grounds: (1) Louis Colon's declaration; and (2) a recently identified unconstitutional pattern of misconduct within the homicide division of the Philadelphia police department[1]. **See id.** at 14.

---

[1] It appears Appellant abandoned the claim regarding an alleged unconstitutional pattern of misconduct within the Philadelphia police department on appeal as it was not stated in the list of questions presented on appeal, nor discussed in the body of his brief. **See City of Philadelphia v. Schweiker**, 858 A.2d 75, 90 (Pa. 2004).

- 3 -

The PCRA court found that Appellant established an exception regarding the declaration of Louis Colon. However, it denied Appellant's underlying **Brady**[2] claim, and determined the remaining claims were untimely. This appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises eight issues for our review; however, all eight are simply different arguments as to why the PCRA court erred in dismissing his PCRA petition:

1. Did the PCRA court err and/or abuse its discretion when it found that Appellant was asserting Dustin Taylor's testimony at trial about Det. Jacobs' misconduct as the basis for his newly discovered evidence?

2. Did the PCRA court err and/or abuse its discretion when it found that Appellant failed to prove that the Commonwealth interfered with his ability to access Det. Jacobs' misconduct files?

3. Did the PCRA [court] err and/or abuse its discretion when it found that Appellant failed to establish due diligence with respect to discovering Det. Jacobs' misconduct files?

4. Did the PCRA court err and/or abuse its discretion when it found that Appellant failed to provide evidence of a direct nexus between Det. Jacobs' misconduct files and his case?

5. Did the PCRA court err and/or abuse its discretion when [it] omitted material statements from Louis Colon's declaration, which led to it categorizing statements made to Louis Colon by Det. Jacobs as colloquial?

_____

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

- 4 -

6. Did the PCRA court err and/or abuse its discretion when it found that Louis Colon's declaration would not have directly contradicted Det. Sierra's testimony?

7. Did the PCRA [court] err and/or abuse its discretion when it found that Louis Colon's declaration was meritless because it was too vague and unspecific to be exculpatory?

8. Did the PCRA court err and/or abuse its discretion by denying Appellant's PCRA petition without conducting an evidentiary hearing?

Appellant's Brief, at 4-5 (suggested answers omitted).

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *See e.g., Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). "The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020) (internal citations omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies.[3]  42 Pa.C.S.A. § 9545(b)(1).  "The PCRA's

---

[3] For an exception to apply, a petitioner must (1) plead and prove one of the exceptions set forth in Section 9545(b)(1)(i)-(iii); and (2) file a petition raising the exception within one year from the date on which the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).

- 5 -

time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claim." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Small*, *supra*). Timeliness is separate and distinct from the merits of the underlying claim; therefore, we must determine whether Appellant's petition was timely before we are permitted to address the merits of the substantive claims. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

The instant petition is untimely on its face. Appellant's judgment of sentence was affirmed by this Court on February 6, 2018, and our Supreme Court denied allowance of appeal on October 30, 2018. Therefore, his sentence became final on January 28, 2019, upon expiration of the 90-day period to seek review with the Supreme Court of the United States. Consequently, Appellant had one year – until January 28, 2020 – to file a timely PCRA petition. The instant petition was filed on August 6, 2024, four and a half years after his judgment of sentence became final.

Appellant claims his petition is timely under both the governmental interference[4] and/or newly discovered fact[5] exceptions. Regarding the governmental interference exception, Appellant claimed that the Commonwealth committed a **Brady** violation by failing to disclose (1) the misconduct file of Detective Jacobs and (2) an alleged statement given by Louis Colon to police. **See** PCRA Petition, 8/6/24, at 2, 12. "Although a **Brady** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information **could not have been obtained earlier with the exercise of due diligence**." **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008) (emphasis added).[6]

_____

[4] "[T]he failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. § 9545(b)(1)(i).

[5] "[T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii).

[6] While there is some debate about the validity of the imposition of due diligence on the government interference exception, **see Commonwealth v. Towles**, 300 A.3d 400, 418-430 (Pa. 2023) (Donohue, J. and Wecht, J., concurring), we are bound to follow the law in effect at the time of this decision. **See Commonwealth v. Martin**, 205 A.3d 1247, 1252 (Pa. Super. 2019) ("this Court is bound by existing precedent under the doctrine of stare decisis and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court."). At the time of this writing, our case law imposes a due diligence requirement on the governmental interference exception.

The first four issues relate to the PCRA court's finding that Appellant failed to establish the governmental interference exception as it relates to the misconduct file. In the PCRA petition, Appellant states that on July 30, 2024, he learned from a fellow inmate, Louis Colon, that Detective Jacobs interviewed Colon regarding Hall's murder. *See* PCRA Petition, 8/6/24, at 2. According to Colon, Detective Jacobs informed Colon that everyone in the neighborhood where the murder occurred was a suspect, and that he had DNA evidence. *Id.*, Exhibit A (declaration of Louis Colon). Based on this information, Appellant investigated Detective Jacobs and discovered several instances of misconduct in unrelated cases.[7] *Id.* at 3. Thus, Appellant contends that the time to file a timely PCRA petition began on July 30, 2024, when he first talked to Colon. *Id.* He further contends that his claim is timely because the government interfered with his ability to obtain this information. *Id.* at 2.

Our understanding of Appellant's argument is that once he learned that Colon was allegedly considered a suspect in Hall's murder from Detective Jacobs on July 30, 2024, Appellant was then diligent in obtaining information about Detective Jacobs's alleged misconduct. The PCRA court found Appellant failed to prove that the Commonwealth interfered with his ability to access the

---

[7] Those incidents include "making false police reports in 2001 that led to a [21] day suspension, an allegation of false arrest and destruction of evidence in a 2008 civil case that was thereafter settled, and alleged unspecified unbecoming conduct and disobedience from 2017 to 2020 that led to the initiation of disciplinary action by his supervisor[.]" PCRA Opinion, 11/7/24, at 7.

information because Appellant never requested the information from the Commonwealth and he did not attempt to obtain the information in the eight years since his trial ended. *See* PCRA Opinion, 11/7/24, at 7-8.

Appellant claims the PCRA court's finding was in error because he "had no reason to request [Detective] Jacobs' [misconduct] file" at the time of his trial. Appellant's Brief, at 10. He further argues that due diligence does not require that he uncover the misconduct file and that his search of Detective Jacobs was "prompted by the information contained in Colon's declaration." *Id.* We disagree.

Our case law, as it currently stands, requires a petitioner to prove due diligence in obtaining information which forms the basis for a timeliness exception. Appellant does not explain how the government interfered with his ability to obtain the information that he ultimately discovered in 2024, nor how diligent he was in obtaining it. "Although Appellant was aware at his trial that Taylor accused Det. Jacobs of misconduct, he had no reason to make a request for Jacobs' [internal affairs] file based off of Taylor's allegation." Appellant's Brief, at 10. "Appellant does not allege [] police misconduct in taking Taylor's statement . . ., but rather, the police misconduct in taking Taylor's statement only bolsters why the Commonwealth should have turned over Det. Jacobs' police misconduct files to the defense." *Id.* at 8.

Appellant's admission that he was aware of Detective Jacobs' misconduct at the time of trial yet did not search for the information until eight years later is fatal to his claim. Accordingly, the PCRA court did not err in

finding Appellant failed to establish the governmental interference exception regarding Detective Jacobs' misconduct file.

The next three claims relate to the PCRA court's conclusion that Appellant met the newly discovered fact exception relative to Colon's declaration, but was not entitled to relief. In the PCRA petition, Appellant argued that the Commonwealth violated *Brady* by failing to disclose that police interviewed Colon and was that Colon was considered a suspect by Detective Jacobs. *See* PCRA Petition, 8/6/24, at 12. This information, he contends, directly contradicted the testimony of Detective Sierra who testified at trial that there were no other suspects in the case. *Id.* Thus, Colon's statement to police was "exculpatory and impeachment information" that Appellant "could have [used] to cross-examine Det. Sierra." *Id.* at 12-13.

We agree with the PCRA court that Appellant established a timeliness exception because Appellant recently learned that police questioned Colon about the murder of Hall. It still needs to be determined whether Appellant is entitled to relief. To succeed on a *Brady* claim, a petitioner must establish that: (1) the evidence at issue was favorable to the accused, either because it is exculpatory or impeaching; (2) the evidence was suppressed by the prosecution; and (3) prejudice ensued. *Commonwealth v. Natividad*, 200 A.3d 11, 26 (Pa. 2019). Favorable evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* (citing *Kyles v. Whitley*, 514 U.S. 419, 433 (1995)). "The question is not whether the

defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." **Id.** (citing **Kyles**, 514 U.S. at 434)). In the PCRA context, a petitioner must demonstrate that the alleged **Brady** violation "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Smith**, 17 A.3d 873, 888 (Pa. 2011).

Colon's declaration read verbatim is as follows:

My name is Louis Colon, and I was born and raised in the Kensington section of Philadelphia.

In January of 2016, I was approached by Detective Derrick Jacobs in an unmarked cop car on F & Allegheny, and he questioned me about a homicide that he said happened in 2014. He said it was a girl named Monet Hall and he showed me a picture of her. I told him that I had seen her before with some white guy, in early 2014, but I didn't know her or the guy. Jacobs told me that everybody around here was a suspect and that he had DNA. He said if my DNA came back he was coming back to get me. I knew Detective Jacobs from being around the area. I use[d] to sell drugs on F & Allegheny.

On July 30, 2024, I was talking about being questioned for a homicide with a group of inmates and Ryan 'R' said he was locked up for that.

I swear under the penalty of perjury that the information in this declaration is true and correct.

PCRA Petition, 8/6/24, Exhibit A.

In finding that Appellant was not entitled to relief, the PCRA court explained:

- 11 -

[Appellant's] after-discovered claim regarding Colon's declaration is meritless as Colon's statement is unconvincing and unlikely to result in a different outcome at trial. In a statement dated July 30, 2024, Colon recounts that Detective Jacobs approached him in an unmarked police vehicle in January 2016, nearly two years after the incident, more than 16 months after [Appellant's] arrest, and three months before [Appellant's] trial, telling him, "everybody around here is a suspect." [Appellant] maintains that this calls into question Detective Sierra's testimony that [Appellant] was the only suspect.

Even if Colon's statement is true, it is not likely to reach a different outcome at trial. Detective Sierra testified at trial, three months after this supposed encounter, that there were no other suspects in the case and, "[t]he evidence we have been able to obtain in this case . . . [led] to [Appellant] as being the suspect in this case." N.T. 4/8/2016 at 47-49. Detective Jacobs' supposed statement to Colon was colloquial, provided three months before Detective Sierra's testimony, did not directly contradict Detective Sierra's testimony, and could, therefore, not justify a new trial. Furthermore, Colon's claim that he saw the decedent with "some white guy, in early 2014" is too vague and unspecific to be exculpatory and provides no relief[.]

PCRA Court Opinion, 11/7/24, at 10-11.

We agree. Appellant was arrested on August 5, 2014. Detective Jacobs allegedly interviewed Colon in January of 2016. We see no reason why Detective Jacobs would continue searching for a suspect in this homicide when one already had been arrested. Also, Detective Jacobs's statement was not that *Colon* was a suspect – he said *everyone* in the area was a suspect.

Appellant argued that had he been aware of this information, he would have cross-examined Detective Sierra on her testimony that Appellant was the only suspect. The Commonwealth presented sufficient evidence to prove

its case against Appellant, and the jury convicted him.[8] *See Duboise*, 2018 WL 718538. Appellant is entitled to a fair trial, not a perfect one. *Commonwealth v. Noel*, 104 A.3d 1156, 1172 (Pa. 2014). Even if taken as true, Appellant has failed to prove that he was prejudiced by the fact that Detective Jacobs allegedly told Colon there were other suspects in the homicide. No relief is due.

In Appellant's final issue, he argues that the PCRA court abused its discretion by dismissing his petition without an evidentiary hearing. We review the PCRA court's decision for an abuse of discretion. *Commonwealth v. Williams*, 244 A.3d 1281, 1287 (Pa. Super. 2021) (citation omitted). The right to an evidentiary hearing on a PCRA petition is not absolute; "[i]t is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Id.* Moreover,

> To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013) (quotation marks and citations omitted).

_____

[8] The evidence included surveillance video of Appellant entering and leaving the apartment he shared with Hall and no one else entered after Appellant left; a documented history of Appellant physically assaulting Hall; Appellant's admission to a cellmate that he assaulted Hall and left her for dead as she overdosed; Appellant's swollen hands; and Appellant's DNA was on several items recovered from the crime scene. *See Duboise*, 2018 WL 718538.

Appellant contends that all the issues he presented to the PCRA court were meritorious and involved genuine issues of material fact(s). **See** Appellant's Brief, at 17. The PCRA court disagreed and explained, in detail, why there were no issues upon which it could grant PCRA relief. Moreover, Appellant's argument on this issue consists of two sentences generally stating that he was entitled to a hearing. As Appellant failed to develop this issue, it is waived. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). Even if not waived, we agree with the PCRA court that Appellant does not raise any genuine issues of material fact that would entitle him to relief. There was no abuse of discretion in the PCRA court's denial of an evidentiary hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/17/2025